### In the Matter of R.M.

### No. 2–94–032–CV.

Court of Appeals of Texas,
Fort Worth.

July 19, 1994.

James C. Teel, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs of Appellate Section, Elizabeth A. Martin, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

LATTIMORE, Justice.

Appellant R.M., a juvenile, was found to be a delinquent by the court in connection with an attempted murder. *See* TEX.PENAL CODE

ANN. §§ 19.02 (Vernon 1989), 15.01 (Vernon Supp.1994). The court committed R.M. to the care, custody, and control of the Texas Youth Commission for an indeterminate time, not to exceed R.M.'s twenty-first birthday. On appeal R.M. raises two points of error contending that the trial court erred by allowing into evidence: (1) two confessions of nontestifying co-defendants; and (2) a statement of R.M., because R.M. did not knowingly, intelligently, and voluntarily waive his statutory and constitutional rights prior to the taking of the statement.

We affirm.

Early in the evening of November 1, 1993, Justin Lancaster received a telephone call from a friend, Robert Tucker, who told Lancaster that he was being followed by a blue car. Tucker and Lancaster had been in a gang a year earlier, and Tucker thought that the blue car was connected to a "gang problem." Lancaster suggested that Tucker drive by his house so that Lancaster could see who was in the blue car. At about 8:00 p.m., Tucker drove by Lancaster's house with the blue car following. Lancaster was spotlighted by the blue car's headlights as it approached his house. The blue car then pulled beside Lancaster, and he was shot with a single shotgun blast in his left arm and side. Three juveniles, appellant R.M., N.L., and J.L.J., confessed that they participated in the crime, and that R.M. was the gunman who fired the sawed-off shotgun at Lancaster. The three juveniles stated that they wanted to get even with Tucker and Lancaster because they allegedly threw a beer bottle at N.L.'s mother's car. They encountered Tucker while they were driving around "looking for ... gang members to fight them." Neither Tucker nor Lancaster were able to identify any of the defendants. Four juveniles, including appellant R.M., were tried together for the same offense. One juvenile, G.M., was released mid-trial. The other three, appellant R.M., J.L.J., and N.L., were adjudicated delinquent and committed to the custody of the Texas Youth Commission.

In point of error one, R.M. contends that the trial court erred by allowing into evidence two confessions of non-testifying co-defendants. The objections at trial were based on three grounds: (1) the requirements of TEX.FAM.CODE ANN. § 51.09 (Vernon 1986 & Supp.1994) were not followed; (2) the admission of a co-defendant's statement when that co-defendant does not testify at trial violates the defendant's right to confront and cross-examine his accusers; and (3) the co-defendants' statements are inadmissible hearsay. On appeal R.M. only advances the right of cross-examination argument, and thus has waived the two other grounds. *See* TEX.R.APP.P. 74(f); *Garcia v. State,* No. 71,-148, slip op. at 7–8, 1994 WL 124308 (Tex. Crim.App. April 13, 1994) (failure to provide argument requisite to maintain point of error results in waiver).

The Sixth Amendment to the United States Constitution provides a defendant with the right "to be confronted with the witnesses against him." U.S. CONST. Amend. VI. The purpose behind this right is to insure that a defendant has an opportunity to cross-examine any witness whose testimony may be used to incriminate him. *Bruton v. United States,* 391 U.S. 123, 128, 88 S.Ct. 1620, 1623, 20 L.Ed.2d 476, 480 (1968). Error will result if a defendant is deprived of this opportunity. *Id.* at 124, 88 S.Ct. at 1623, 20 L.Ed.2d at 484–85. In a joint trial setting tried to a jury, if a confession is proffered into evidence which implicates more than one defendant, it must be excluded if the confessor chooses not to testify. *Id.* at 135–36, 88 S.Ct. at 1627–28, 20 L.Ed.2d at 484–85. Even with a limiting instruction, a jury cannot be relied upon to disregard a confessor's statement when considering the guilt or innocence of his co-defendant. *Id.* at 135–37, 88 S.Ct. at 1627–28, 20 L.Ed.2d at 484–86. However, in a trial before the court, a trial judge is fully capable of following limiting instructions that he or she has announced. *See id.* at 123, 88 S.Ct. at 1620, 20 L.Ed.2d at 476; *United States v. Cardenas,* 9 F.3d 1139, 1155 (5th Cir.1993); *Rogers v. McMackin,* 884 F.2d 252, 255–57 (6th Cir.1989); *United States ex rel. Faulisi v. Pinkney,* 611 F.2d 176, 178 (7th Cir.1979).

Here, the case was tried to the court and not to a jury. When R.M. objected to the confessions of the co-defendants, the judge reviewed the *Bruton* decision before ruling.

Based on *Bruton*, the court ruled that the co-defendant's confessions were inadmissible as to R.M., but were admissible as to the confessors themselves. The court stated that "[s]ince this is a trial to the Court, I feel like I'm capable of overlooking evidence that turns out to be inadmissible," and "I feel like I can keep it all separate." R.M. argues that there is no longer a presumption in Texas "that a trial judge disregarded incompetent evidence," citing *Gipson v. State*, 844 S.W.2d 738, 740 (Tex.Crim.App.1992). We find *Gipson* inapplicable to this case. *Gipson* involved a trial of *one* defendant, and the admission of *his* improperly induced confession. The trial court there expressly relied on the confession in assessing the defendant's guilt. *Id.* at 739–41. Here the trial court *expressly* ruled that it did not rely on the co-defendants' confessions in assessing guilt. There is no need for us to presume that the trial court disregarded incompetent evidence when the trial judge expressly states that he did not consider it. We hold that the trial court did not err by admitting the co-defendant's confessions for the limited purpose of assessing the confessor's guilt, and not R.M.'s guilt. Point of error one is overruled.

■ In his second point of error R.M. argues that the trial court erred by allowing into evidence a statement that he made, because he did not knowingly, intelligently, and voluntarily waive his statutory and constitutional rights prior to the taking of the statement. In judging whether a juvenile confession is voluntary, the trial court must look to the totality of circumstances. *Darden v. State*, 629 S.W.2d 46, 51 (Tex.Crim.App. [Panel Op.] 1982); *see also Clifton v. State*, 755 S.W.2d 556, 559 (Tex.App.—Fort Worth 1988, no pet.). If the circumstances indicate that the juvenile defendant was threatened, coerced, promised something in exchange for his confession, or incapable of understanding his rights and warnings, the trial court must conclude the confession is involuntary. *See Darden*, 629 S.W.2d at 51. The rights and warnings applicable to a juvenile confession are enumerated in section 51.09 of the Texas Family Code. A juvenile must be admonished of his *Miranda* rights and warned that he may be tried as an adult if he is fifteen years of age or older or sentenced to the Texas Youth Commission for certain enumer-

ated offenses. Tex.Fam.Code Ann. § 51.-09(b)(1)(A)–(F) (Vernon Supp.1994); *see also Miranda v. Arizona*, 384 U.S. 436, 467, 86 S.Ct. 1602, 1624, 16 L.Ed.2d 694, 719 (1966). The statute also requires that a magistrate certify that the juvenile "knowingly, intelligently and voluntarily" waived his rights prior to accepting the juvenile's confession. Tex.Fam.Code Ann. § 51.09(b)(1)(G) (Vernon Supp.1994).

■ Prior to giving his statement, R.M. was taken before a magistrate, Judge Steve Williamson. Judge Williamson testified that he informed R.M. of his *Miranda* rights and statutory rights by reading them as they appeared on the "Warning to Juvenile Offender" sheet. After the list of rights was read, Judge Williamson examined R.M. by asking him if he understood his rights (Yes), how much school he had attended (7th grade), and if he could read and write English (Yes). Judge Williamson testified that R.M. appeared to understand English, and certified that R.M. "knowingly, voluntarily and intelligently waived his rights." After R.M. gave his statement to the police, but prior to signing it, R.M. was further admonished by a second magistrate, Judge Mamie Johnson. Judge Johnson admonished R.M. of each of his section 51.09 rights individually, and after explaining each right asked R.M. if he understood that right. R.M. answered in the affirmative to each question. Judge Johnson then certified that R.M. knowingly, voluntarily, and intelligently waived his rights, and R.M. signed a statement to this effect. Where a magistrate certifies that a juvenile is fully competent and knowingly waived his rights, the defendant's statement is properly admitted. *Carter v. State*, 650 S.W.2d 793, 795–96 (Tex. Crim.App.1983). The defendant's acknowledgment that he understood the warnings further supports the admission of the confession. *See Darden*, 629 S.W.2d at 51. We hold that the trial court did not err by admitting the confession of R.M. Point of error two is overruled.

The judgment of the trial court is affirmed.