COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-044-CR
  
  
BYRON 
KEITH HERFORD                                                        APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Upon 
his plea of guilty, a jury convicted Appellant Byron Keith Herford of injury to 
a child. The trial court assessed his punishment at fourteen years’ 
confinement upon Appellant’s plea of true to the single enhancement paragraph.
        On 
appeal, Appellant has filed a brief that only partially complies with the 
requisites of Anders v. California.[1]  He 
raises what he designates as possible points on appeal, but in the arguments for 
each point, he concludes that the trial court reversibly erred and requests that 
we remand the case for a new trial on punishment.  Similarly, in his 
prayer, instead of requesting that counsel’s motion to withdraw be granted, 
Appellant asks this court to sustain his possible points, reverse his sentence, 
and remand for a new trial on punishment.  This court therefore must treat 
this brief not as an admission that the challenges to his sentence are 
frivolous,[2] but as an adversarial appellant’s 
brief raising legitimate challenges to the trial court’s judgment.
        Appellant 
brings three points on appeal, challenging the admission of photographs and his 
oral statement.  Because we hold that the trial court did not reversibly 
err, we affirm the trial court’s judgment.
Admission Of 
Photographs Depicting Old Injuries Unconnected to Appellant
        In 
his first point, Appellant argues that the trial court abused its discretion by 
admitted numerous photographs depicting injuries to the child even though there 
was no testimony connecting those injuries to Appellant.  The trial court 
assured the parties that it would not consider the testimony concerning any 
injuries not proved to be caused by Appellant.  In appeals from bench 
trials, appellate courts formerly presumed that the trial court ignored 
inadmissible evidence, and judgments were not reversed on the ground of 
improperly admitted evidence if sufficient admissible evidence existed to 
sustain the judgment.[3] The Court of Criminal 
Appeals overruled the Tolbert [4] line of 
cases in Gipson, holding that former rule of appellate procedure 
81(b)(2), with its presumption that errors were reversible, implicitly voided 
the Tolbert presumption test.[5]  Since 
rule of appellate procedure 44.2 became effective, the presumption of former 
rule 81(b)(2) applies only to constitutional errors considered under rule 
44.2(a).[6]
        While 
we no longer automatically presume the trial court did not consider inadmissible 
evidence, in the case now before this court, the trial judge specifically stated 
that he would not consider evidence not properly before him.  We therefore 
assume the trial court disregarded inadmissible evidence unless the record 
clearly shows the contrary.[7]
        Appellant 
had entered a plea of guilty to the jury, and the only matter left for the judge 
to decide was that of the appropriate punishment.  The photographs showed 
both the new injuries to which Appellant had pled guilty and old injuries.  
Appellant does not direct us to any portion of the record that explains which 
photographs he objects to on the basis of their being evidence of extraneous 
acts of misconduct that were not properly tied to him.  Because the trial 
judge specifically stated on the record that he would consider only those 
extraneous acts of misconduct tied to Appellant beyond a reasonable doubt, we 
have no evidence before us that the trial judge improperly considered any 
photographs.  We therefore cannot say that the trial court abused its 
discretion in admitting the photographs.[8]  We 
overrule Appellant’s first point on appeal.
Statement To 
CPS Investigator
        In 
his second point, Appellant argues that the trial court erred in admitting his 
unrecorded, oral statement to the CPS investigator because it was taken in 
violation of the Fifth Amendment to the United States Constitution, Article 1, 
Section 10 of the Texas Constitution, and Article 38.22 of the Texas Code of 
Criminal Procedure.  In his third point, Appellant complains that the State 
did not provide a copy of the statement to defense counsel within twenty days of 
trial, as mandated by Article 38.22.
        The 
record reflects that when Appellant lodged his objections to the admission of 
his statement, the trial court ruled, “I will disregard anything that may have 
been said in custody that’s inadmissible under 38.22 or 23.”  Texas 
Code of Criminal Procedure Article 38.22 requires a recording of custodial 
statement or that it be in writing.[9]  That 
article also requires that the recording be made available to defense counsel 
not later than the twentieth day before trial.[10]  
Article 38.23 requires that statements obtained in violation of the U.S. 
Constitution, the Texas Constitution, federal law, or Texas law be excluded from 
evidence.[11]
        Because 
the trial court specifically stated on the record that it would disregard any 
custodial statement inadmissible under Articles 38.22 and 38.23, we presume that 
the trial court did not consider any statement admitted in violation of either 
provision.[12]  We therefore cannot say that the 
trial court abused its discretion in admitting Appellant’s statement, and we 
overrule Appellant’s second and third points.
        Having 
overruled Appellant’s three points, we deny Appellant’s counsel’s motion 
to withdraw and affirm the trial court’s judgment.
 
  
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE
 
  
PANEL 
B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
PUBLISH
 
DELIVERED: 
June 17, 2004


NOTES
1.  
386 U.S. 738, 87 S. Ct. 1396 (1967).
2.  
See id. at 744, 87 S. Ct. at 1400.
3.  
See Ovalle v. State, 13 S.W.3d 774, 791 n.34 (Tex. Crim. App. 
2000) (referring to Tolbert v. State, 743 S.W.2d 631, 633 (Tex. Crim. 
App. 1988)).
4.  
Tolbert, 743 S.W.2d at 633.
5.  
Gipson v. State, 844 S.W.2d 738, 741 (Tex. Crim. App. 1992).
6.  
See Ovalle, 13 S.W.3d at 791 n.34.
7.  
See id. at 784 (presuming that trial court ignored improper impeachment 
of witness in admitting appellant’s confession because trial court sustained 
appellant’s objection to the impeachment); see also In re R.M., 880 
S.W.2d 297, 299 (Tex. App.-Fort Worth, 1994, no writ).
8.  
See Corley v. State, 987 S.W.2d 615, 621(Tex. App.—Austin 1999, 
no pet.) (providing that in a bench trial, there is less risk that the trier of 
fact will consider extraneous offense evidence for anything other than the 
limited purpose for which it is admitted as well as less risk of unfair 
prejudice to defendant).
9.  
Tex. Code Crim. Proc. Ann. art. 
38.22, §§ 2-3 (Vernon Supp. 2004).
10.  
Id. § 3(a)(5).
11.  
Id. art. 38.23(a).
12.  
See Ovalle, 13 S.W.3d at 784; Corley, 987 S.W.2d at 621.