**John A. VANN, Appellant**

v.

**John F. BROWN, Appellee.**

No. 05–04–00917–CV.

Court of Appeals of Texas, Dallas.

Jan. 16, 2008.

Bill Boyd, Boyd & Veigel, P.C., McKinney, TX, for Appellant.

William L. Wolf, William L. Wolf, P.C., and Barton M. Reeder, Dallas, TX, for Appellee.

Before Justices O'NEILL, RICHTER and LANG.

**OPINION NUNC PRO TUNC**

Opinion by Justice LANG.

This is a restricted appeal pursuant to Texas Rule of Appellate Procedure 30.[1] Appellant, John A. Vann, is the defendant below. The jury rendered a verdict favorable to him, yet the trial court dismissed the case for want of prosecution when a proposed judgment was not submitted by the parties. In two issues, Vann argues that the trial court's dismissal of this case for want of prosecution is an abuse of discretion.

Vann asserts specifically that the error of abuse of discretion is apparent on the face of the record since: 1) the trial court should have "rendered" a take-nothing judgment on the jury's verdict even though neither party submitted a proposed judgment to dispose of the case; 2) the trial court has a mandatory, ministerial obligation to render a judgment on a verdict; and 3) the dismissal was an abuse of discretion since it is clear that the case was diligently prosecuted to verdict.

Vann suggests that, in deciding whether the trial court abused its discretion in this case, we must resolve a conflict in the rules of civil procedure. He contends that the conflict is between: 1) the trial court's duty to "render" judgment on the jury verdict as dictated by Rules 300 and 301, and 2) the trial court's discretion to dismiss a case for want of prosecution under Rule 165a.

We disagree with appellant that the rules require us to resolve a direct conflict in the rules. For the reasons set out below, we decide against appellant on his issues and affirm the trial court's judgment.

**I. Factual Context and Procedural Background**

The record reflects that a jury verdict was returned on September 14, 2003. Approximately two months later, the trial court sent a letter to counsel, dated November 12, 2003, which called a hearing on December 12, 2003. This letter appeared to be a form letter, since it called for a "pre-trial" hearing. However, the November 12th letter was clear that a hearing was being called by the trial court on this case since the case was identified by style

---

1. Texas Rule of Appellate Procedure 30 allows a party who did not participate in the hearing that resulted in the judgment and who did not timely file a postjudgment motion or notice of appeal, to file its appeal within six months after the date the judgment is signed. Tex. R.App. P. 30; *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex.2004).

and case number. The docket sheet supplied as part of this record reflects a handwritten entry that no one appeared for that hearing.

The trial court sent a second letter to counsel dated December 16, 2003, calling for a second hearing. That hearing, set for January 23, 2004, was approximately four months after the jury verdict. The second letter appears to be an original letter, not a form, and refers to this case by style and case number. The trial court made it clear in this letter that no proposed judgment had been received to dispose of the case. Further, the trial judge warned that if no judgment was provided to the court by the January 23 hearing date, the case would be dismissed for want of prosecution. No one appeared at that hearing on January 23, 2004, and an order was signed and dated that very day dismissing the case for want of prosecution.

## II. Standard of Review: Dismissal for Want of Prosecution

Rule 165a provides:

A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket. TEX.R. CIV. P. 165a.

■ A trial court may exercise its discretion to dismiss for want of prosecution either under rule 165a or its inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999); *Veterans' Land Board v. Williams*, 543 S.W.2d 89, 90 (Tex.1976); *Bevil*, 307 S.W.2d at 87. The trial court's decision is subject to review only upon clear abuse of discretion. *Williams*, 543 S.W.2d at 90.

■ When reviewing a dismissal for want of prosecution, the sole issue is whether the appellant can demonstrate a clear abuse of discretion by the court. *City of Houston v. Malone*, 828 S.W.2d 567, 568 (Tex.App.-Houston [14th Dist.] 1992, no writ). To determine whether there is an abuse of discretion, the reviewing court must determine whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Thus, a failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Id.*

## III. Applicable Law: The Verdict, Rendition of Judgment, and the Written Judgment

Pertinent to our consideration are rules 300 and 301:

a) Rule 300 provides: "Where a special verdict is rendered, or the conclusions of fact found by the judge are separately stated the court shall render judgment thereon unless set aside or a new trial is granted, or judgment is rendered notwithstanding verdict or jury finding under these rules." TEX.R. CIV. P. 300.

b) Rule 301 states:

The judgment of the court shall conform to the pleadings, the nature of the case

proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any jury finding on a question that has no support in the evidence. Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law. TEX.R. CIV. P. 301.

A judgment may be rendered by the trial court either orally or by memorandum. *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex.1976); *Henry v. Cullum Companies, Inc.*, 891 S.W.2d 789, 792 (Tex.App.-Amarillo 1994, writ denied). In order to render judgment, the trial court must clearly state that a decision has been made, rather than expressing an intention to rule in the future. *Reese*, 534 S.W.2d at 330 ("[t]he judge's intention to render judgment in the future cannot be a present rendition of judgment."); *Able Cabling Services, Inc., v. Aaron–Carter Elec. Inc.*, 16 S.W.3d 98, 101 (Tex.App.-Houston [1st Dist.] 2000, writ denied) ("the words used by the trial court must clearly indicate the intent to render judgment at the time the words are expressed."); *Green v. Smart*, 333 S.W.2d 880, 884 (Tex.Civ.App.-Dallas 1960, no writ).

Typically, there are three stages to a judgment: rendition, reduction to writing, and judicial signing. *Oak Creek Homes, Inc., v. Jones*, 758 S.W.2d 288, 290 (Tex.App.-Waco 1988, no writ); *In re Marriage of Wilburn*, 18 S.W.3d 837, 840 (Tex. App.-Tyler 2000, pet. denied). These stages are to be addressed when a jury returns its verdict. In its verdict, the jury has found facts on which a judgment may

be based. Then, it is the court's province to pronounce the law based on the facts so found. *Young v. Kilroy*, 673 S.W.2d 236, 247 (Tex.App.-Houston [1st Dist.] 1984, ref. n.r.e.); *Scott v. King*, 647 S.W.2d 394 (Tex.App.-Dallas 1983, no writ). That pronouncement is embodied in the judgment the court renders.

A trial court may, on its own motion, disregard an immaterial jury finding. "When the issue is material, however, the judgment must conform to the finding. *Southern Pacific Transportation Co. v. Allen, supra*, at 304 [525 S.W.2d 300 (Tex. Civ.App.—Houston[14th Dist.]1975), no writ]; *Massie v. Hutcheson*, 270 S.W. 544 (Tex.Com.App.1925, judgmt.adopted). Under Rule 301 of the Texas Rules of Civil Procedure the trial court may disregard a material special issue only on a motion asserting that the finding has 'no support in the evidence.'" *Scott*, 647 S.W.2d at 396; TEX.R. CIV. P. 301. However, a trial court may not freely, *sua sponte*, interpret the facts found by the jury.

Rule 305 provides:

Any party may prepare and submit a proposed judgment to the court for signature. Each party who submits a proposed judgment for signature shall serve the proposed judgment on all other parties to the suit who have appeared and remain in the case, in accordance with Rule 21a.

Failure to comply with this rule shall not affect the time for perfecting appeal. TEX.R. CIV. P. 305.

### IV. Analysis

It is appellant's position that the case law mandates that the trial court in this case render, *sua sponte*, a take-nothing judgment. Therefore, appellant suggests the dismissal for want of prosecution is an abuse of discretion. We are cited to

*Ponce v. Sandoval*, 68 S.W.3d 799 (Tex. App.-Amarillo 2001, no pet.). However, in *Ponce,* the trial court did not enunciate that precise rule. The Amarillo Court of Appeals said "[w]hen a jury renders a verdict, the trial judge is mandated to enter judgment thereon unless the verdict is set aside, a new trial is granted, or judgment is rendered notwithstanding [sic] the verdict or jury finding according to the Texas Rules of Civil Procedure." *Id.* at 805. Certainly, that conclusion by the Amarillo Court of Appeals recognizes, at least impliedly, that the trial court will render judgment after a jury verdict by applying the law to a verdict in response to motions filed by the parties. *See Scott,* 647 S.W.2d at 396.

Also, on this same point, appellant cites us to *Wright v. Longhorn,* 202 S.W.2d 285, 287 (Tex.App.-Austin 1947, writ ref'd). That case is distinguishable. In *Wright,* the court of appeals was faced with a markedly different situation involving the entry of a judgment nunc pro tunc after the expiration of the court's term. There, the jury returned a verdict absolving the defendant of negligence. *Id.* at 286. Accordingly, the defendant filed a motion for judgment on the verdict. No judgment was "pronounced or rendered" by the trial court before the end of its term. *Id.* The defendant brought a motion to enter a judgment nunc pro tunc. The trial court responded by entering the judgment. The plaintiff objected since the term had ended and no judgment had been rendered for which a correction or judgment, nunc pro tunc, was warranted. The court of appeals upheld the judgment nunc pro tunc citing the trial court's duty to render judgment on a verdict and that since the status of the case was brought to the trial court's attention, he performed his duty by rendering the judgment which "should or could be rendered." *Id.* at 288. Here, in the case before us, there was no response

to the two notices for hearing and no post-verdict motion or proposed judgment was filed. *Wright* is not controlling.

One particular case provides direction by its contrast to the case before us. *Ell-mossallamy v. Huntsman,* 830 S.W.2d 299 (Tex.App.-Houston [14th Dist.] 1992, no writ). In *Huntsman,* the trial court refused to reinstate a case it had dismissed for want of prosecution, and the court of appeals reversed. The undisputed facts showed that there was substantial discovery completed, beginning with the filing of the suit and continuing until shortly before a trial setting. On the date set for trial, appellee's counsel announced that the parties had settled the case. The trial court vacated the trial setting. According to the court of appeals' opinion, there was no evidence that the parties were not ready for trial. *Id.* at 301.

During a period of four months after the trial setting, neither party set the case for trial or filed a motion to enforce the settlement agreement. *Id.* Accordingly, the trial court dismissed the case for want of prosecution. In the appellant's motion to reinstate, which was opposed by the appellee, appellant advised the trial court that the parties thought they had a settlement, but it turned out that they disagreed on the terms which appellee's counsel, the sole party appearing at court, read into the record on the trial date. *Id.* at 300. The court of appeals called this the "misunderstood settlement agreement." *Id.* at 299. While the court of appeals concluded that the parties could have easily avoided the disagreement had they both appeared to read the settlement into the record, back on the original trial date, the court of appeals concluded that this was an unintentional delay. The appellant diligently pursued the case up to the point where it mistakenly assumed that the parties had a settlement agreement. Accordingly, the

majority of the court of appeals panel concluded that appellant "deserved his day in court" and an abuse of discretion was shown in the trial court's dismissal. *Id.* at 302.

The facts in *Huntsman* are distinguishable from these before us. *Huntsman* involved the "misunderstood" terms of a settlement. During the four-month period between the trial setting and the dismissal, in *Huntsman*, there was no warning from the trial court that the case would be dismissed if not reset for trial. On the face of this record, we cannot find a misunderstanding or confusion which would support the contention that the trial court abused its discretion. Rather, the record before us reflects that subsequent to the jury verdict, the trial court issued notices of two hearings. No one appeared at either hearing. The last of the two notices warned of dismissal if a proposed judgment was not provided.

We recognize that rule 305 suggests a party "may" offer the trial court a proposed judgment, but that is not a requirement. We cannot agree with appellee's assertion that Rule 305 suggests appellant should have supplied a proposed judgment to the trial court. The parties even acknowledge in oral argument that it is customary for the party in whose favor the verdict was returned to provide a proposed judgment to the trial judge.

### V. Conclusion

Certainly, this case comes before us with unusual circumstances. Additionally, this restricted appeal gives us no latitude to review issues such as whether notice of the two hearings had been received by the parties. We are confined to a determination of whether an error is apparent from the face of the record.

The record does not reflect a lack of diligent prosecution, at least to the jury verdict. In fact, the party seeking relief from the dismissal for want of prosecution is the defendant below, whom the parties agree was favored by the jury's answers to the charge. However, as the parties acknowledge, it would have been customary for a take-nothing judgment to be submitted to the trial court after the verdict. Yet Vann, the defendant below, did not do that. Accordingly, over a period of approximately four months after the verdict, the trial court sought the parties' assistance in disposing of the case. Specifically, in the letter to the parties which gave notice of the second hearing, the court explained that it needed a judgment to dispose of the case, and if one was not submitted, the case would be dismissed for want of prosecution. On this record, the direction to the parties was clear. The parties were sent two notices which should have caused one or both to act. They did not. The trial judge ruled as he said he would in the absence of a proposed judgment.

On this record, on this restricted appeal, we cannot conclude that the trial court abused its discretion. We decide appellant's points against him and affirm the trial court's judgment.