**CROWN ASSET MANAGEMENT, L.L.C., Appellant**

v.

**Shannon LORING, Appellee.**

**No. 05–07–01418–CV.**

Court of Appeals of Texas, Dallas.

Aug. 25, 2009.

Jody Jenkins, McCleskey, Harriger, Brazill & Graf, LLP, Lubbock, TX, for Appellant.

Shannon Loring, Dallas, TX, pro se.

## OPINION

Opinion By Justice FRANCIS.

This appeal follows the trial court's order dismissing for want of prosecution Crown Asset Management, L.L.C.'s breach of contract suit against Shannon Loring. In two issues, Crown contends the trial court erred in dismissing its suit and in denying its motion for default judgment. We affirm the trial court's order.

Crown sued Loring to collect on an alleged deficiency of $10,601.55 after a foreclosure on the collateral securing a contract. Embedded within the petition was a request for admissions. Loring was served with the original petition but did not answer. After the lawsuit was filed, the trial court sent a letter advising that the case had been placed on the dismissal docket and would be dismissed on September 28, 2007 unless Crown took one of several alternative actions, one of which was to prove up a default judgment if no answer was filed.

Crown moved for default judgment. Various exhibits were attached to the motion, including affidavits in support of the judgment and for attorney's fees. The trial court sent Crown a letter advising that it was returning the proposed default judgment unsigned because of several substantive deficiencies, including that the petition did not give fair notice of the claim. Crown then filed an amended motion for default judgment but did not amend its petition. The trial court again returned the proposed judgment, asserting various deficiencies, including the lack of fair notice of the claim. Crown did not respond, and on October 2, 2007, the trial court signed an order dismissing the case for two reasons: (1) "[f]ailure to take action after notice of intent to dismiss for want of prosecution (IN ACCORDANCE WITH RULE 165A LETTER)" and (2) want of prosecution. Crown appealed.

■ We begin with Crown's second issue in which it complains the trial court erred in denying its motion for default judgment. We may consider the trial court's denial of a motion for default judgment when, as here, the denial is challenged in an appeal from a final judgment or order. *Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex.App.-Houston [14th Dist.] 2005, no pet.). Here, Crown moved for default judgment, and the trial court specifically notified Crown in writing that it was returning Crown's proposed default judgment unsigned because of various perceived defects. We conclude the trial court's written notice in this case was an adverse ruling on the motion for default judgment, and the issue is properly preserved for review. *See* TEX.R.APP. P. 33.1 (providing that trial court must rule on motion, either expressly or implicitly, for complaint to be preserved). We overrule any previous opinions from this Court that concluded to the contrary.

■ A default judgment is erroneous if the petition does not give fair notice to the defendant of the claim asserted. *Paramount Pipe & Supply, Inc. v. Muhr*, 749 S.W.2d 491, 494 (Tex.1988). Texas Rules of Civil Procedure 45 and 47 govern pleadings and require pleadings to give fair notice of the claim asserted. *See* TEX.R. CIV. P. 45, 47; *Paramount*, 749 S.W.2d at 494. Rule 45 mandates "plain and concise language" and further provides that the fact "[t]hat an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." TEX.R. CIV. P. 45. Rule 47 requires that an original pleading include "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX.R. CIV. P. 47. The purpose of the fair notice requirement is to provide the opposing party with sufficient information to enable her to prepare a defense. *Paramount*, 749 S.W.2d at 494.

In its original petition, Crown alleged the following:

***FACTS.*** Plaintiff, CROWN ASSET MANAGEMENT, LLC, acquired this account by assignment from UNION ACCEPTANCE COMPANY, LLC. In the usual course of business, funds were advanced to Defendant pursuant to a contract. To secure the payment of the contract, Defendant executed a security agreement granting a security interest in the goods described therein. Plaintiff is the owner and holder and is entitled to receive all money due under its terms. ***DEFAULT.*** Defendant defaulted in making required payments pursuant to the contract which is the subject of this suit. Plaintiff foreclosed its security interest in the collateral, which was sold in accordance with Texas law. The balance due Plaintiff is $10,601.55 after all just and lawful offsets, credits, and payments. Plaintiff has demanded that Defendant pay this amount, but Defendant has not done so.

■ This is the entirety of the factual allegations contained in the petition, and no exhibit relating to the contract was attached. The petition alleged in the most bare-bones fashion that Loring had defaulted on a contract, the collateral securing the contract was sold, and a balance was due. The petition does not, however, provide any identifying information about the underlying contract, such as a loan or account number or the original lender, nor does it contain any identifying information regarding the alleged collateral or the sale of the collateral. Under the allegations, it is impossible to determine from the petition with whom or for what Loring allegedly contracted. Given the complete absence of even basic information in this petition, we conclude it does not provide

sufficient notice to the defendant to prepare a defense; consequently, Crown was not entitled to a default judgment. We overrule the second issue.

■ In its first issue, Crown contends the trial court erred in dismissing its suit for want of prosecution. We review a dismissal for want of prosecution for an abuse of discretion. *Vann v. Brown,* 244 S.W.3d 612, 614 (Tex.App.-Dallas 2008, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *See WMC Mortgage Corp. v. Starkey,* 200 S.W.3d 749, 752 (Tex.App.-Dallas 2006, pet. denied).

■ The trial court may dismiss a case for want of prosecution under its inherent power to control its docket if the case has not been prosecuted with diligence. *Id.* Lack of diligence need not amount to abandonment for a case to be properly dismissed. *Id.* In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. *Id.* No single factor is dispositive. *Id.*

■ On May 31, 2007, the day after the petition in this case was filed, the trial court notified the parties it was placing the case on its September 28, 2007 dismissal docket and advised the parties to take certain actions by that date to avoid dismissal. In response, on August 20, Crown filed a motion for default judgment. Two days later, the trial court notified Crown it was returning the judgment unsigned for several identified deficiencies. On September 6, Crown filed an amended motion for default judgment in which it failed to address some of the alleged deficiencies

and apparently attempted to address some deficiencies by relying on deemed admissions. In response, the trial court on September 10 and 15, notified Crown it was returning the default judgment, both times setting out numerous deficiencies. Crown did not respond to either the September 10 or 15 notice nor did it seek a clarification, a continuance, or any other action from the trial court. On October 2, the case was dismissed.

Crown has raised no complaint regarding the notice it received; it only complains that it acted diligently. Given the history of this case and the circumstances, we cannot conclude the trial court abused its discretion in dismissing the case after notifying Crown three times of the problems with its motion for default judgment that were not corrected, particularly in light of the fact that we have determined that Crown was not entitled to a default judgment. We perceive the trial court aggressively administered its docket timetable before dismissing this case, but the facts before us do not reveal any abuse of discretion. We recognize, however, that such aggressive administration in other cases may result in an injustice. We overrule the first issue.

We affirm the trial court's dismissal order.

FITZGERALD, J., dissenting, joined by JJ. LANG and FILLMORE.

Dissenting Opinion By Justice FITZGERALD.

I respectfully disagree with the majority on three points. First, I would conclude that the trial court's written notices to appellant regarding defects in its request for a default judgment constituted a failure or refusal to rule. Accordingly, I would hold that error was not preserved. Second, if error were preserved, I would hold

that appellant's petition was sufficient to give the defendant fair notice of appellant's claims. Finally, I would hold that the trial court abused its discretion by dismissing this four-month-old case for want of prosecution. Accordingly, I respectfully dissent. I will address the issues in the same order as the majority opinion.

## I. ERROR PRESERVATION

In my view, the trial judge's letters to appellant advising it of the reasons the trial judge would not sign its proposed default judgment were not sufficient to preserve error. Under the rules, a party wishing to complain on appeal must bring forward a record showing that it made a request or motion in the trial court and that the trial court either (1) expressly or implicitly ruled on the request or (2) refused to rule on the request and the complaining party objected to the refusal. TEX.R.APP. P. 33.1(a). In this case, the trial judge never signed an order denying appellant's motions for default judgment. Instead she sent three letters to appellant's counsel. Each letter began, "The enclosed *Default Judgment* is being returned to you unsigned because of one or more of the following reasons concerning the *Motion for Default Judgment* on file: . . . ." Each letter ended, "Please understand that it is NOT NECESSARY to refile all the paperwork associated with the *Motion for Default Judgment*, only the items identified above as necessary before a *Default Judgment* can be signed." In my view, each letter amounts to a deferral of action on and refusal to rule on appellant's motions for default judgment. In each letter, the trial judge clearly indicates

that she will not grant the motion for default judgment as it stands, but she does not deny the motion either. Instead, she indicates that she will grant the motion, *without the need for refiling,* if only the appellant will fix certain identified problems. This shows that the judge viewed the motion as remaining pending and as not finally resolved.

I would conclude that the judge's letters neither grant nor deny appellant's motions for default judgment. Because appellant did not object to the trial judge's refusal to rule on those motions, I would hold that appellant failed to preserve error and cannot complain on appeal that the trial judge erred by not rendering a default judgment.[1]

## II. DEFAULT JUDGMENT

Even if I agreed with the majority that appellant preserved error with respect to its amended motion for default judgment, I respectfully disagree with the majority's analysis of the fair-notice issue.

Some factual background is necessary. Appellant filed an original petition to commence this case and never amended its pleading. Embedded within the petition were 13 requests for admissions. Appellant filed a motion for default judgment supported with affidavits and other documents. The trial court sent appellant a letter identifying six reasons it was returning appellant's proposed default judgment unsigned:

> Petition does not give fair notice of claim against Defendant;

1. The majority opinion "overrule[s] any previous opinions from this Court" holding that error was not preserved on similar facts. It appears to me that the majority has overruled, at a minimum, *Old Republic Insurance Co. v. Sisavath,* No. 05–07–01391–CV, 2008 WL 4695491 (Tex.App.-Dallas Oct. 27, 2008, no pet.) (mem. op.), and *Crown Asset Management, L.L.C. v. Cornish,* No. 05–07–01602–CV, 2008 WL 4881124 (Tex.App.-Dallas Nov. 13, 2008, no pet.) (mem. op.).

Judgment relies on causes of action that are not adequately pleaded;

Damages cannot be accurately calculated, no written instrument attached to petition;

No evidence of sale and delivery of merchandise or performance of services;

No evidence that the amount of the account or price charged is in accordance with an express contract or is usual, customary and reasonable;

No evidence of a systematic record kept and supported by affidavit[.]

Appellant then filed an amended motion for default judgment. The principal difference between the original motion and the amended motion was that appellant added proof that Loring had failed to answer the requests for admission embedded in appellant's original petition. Appellant argued in its amended motion that the deemed admissions established every element of its breach-of-contract claim, including damages. Four days after appellant filed the amended motion for default judgment, the trial court sent a deficiency letter identifying the same six defects as listed in its previous letter. Five days after that, the court sent a second deficiency letter identifying the same six deficiencies plus two others which are highlighted below:

[1] Petition does not give fair notice of claim against Defendant;

[2] **Amended petition adds claims or damages (Defendant must be served with a new Citation and the Amended Petition);**

[3] Judgment relies on causes of action that are not adequately pleaded;

[4] Damages cannot be accurately calculated, no written instrument attached to petition;

[5] No evidence of sale and delivery of merchandise or performance of services;

[6] No evidence that the amount of the account or price charged is in accordance with an express contract or is usual, customary and reasonable;

[7] No evidence of a systematic record kept and supported by affidavit[;]

[8] **Other: Requests for admission not served after suit was served.**

(Numbering and emphasis added.) The majority holds that the trial court properly denied appellant's request for default judgment based on ground [1].

## A. Fair notice

I believe that appellant's original petition gave Loring fair notice of appellant's claim against her.

Under our system of notice pleading, the purpose of a pleading is "to provide the opposing party with sufficient information to enable him to prepare a defense." *Paramount Pipe & Supply Co. v. Muhr,* 749 S.W.2d 491, 493 (Tex.1988). A petition will support a default judgment unless (1) the cause of action pleaded is not within the jurisdiction of the court, (2) the petition fails to give fair notice of the claims asserted, or (3) the petition shows that the claim is invalid. *Westcliffe, Inc. v. Bear Creek Constr., Ltd.,* 105 S.W.3d 286, 291 (Tex. App.-Dallas 2003, no pet.). In *Stoner v. Thompson,* the supreme court recognized that our current rules of pleading "expressly countenance more general allegations than formerly were permitted," and that a default judgment will stand

if the plaintiff has alleged a claim upon which the substantive law will give relief, and has done so with sufficient particularity to give fair notice to the defendant of the basis of his complaint, even though he has stated some element or elements in the form of legal conclusions which will need to be revised if attacked by special exceptions.

578 S.W.2d 679, 683 (Tex.1979) (quoting 4 McDonald, Texas Civil Practice § 17.23.3 at 120 (1971)). The plaintiff need not set out in its pleadings the evidence on which it relies to establish its cause of action. *Edwards Feed Mill, Inc. v. Johnson*, 158 Tex. 313, 311 S.W.2d 232, 234 (1958). Thus, a petition can be vulnerable to challenge by special exceptions and yet still be sufficient to give fair notice for default-judgment purposes. *See Paramount Pipe*, 749 S.W.2d at 495 ("While the petitions may have been subject to attack by special exceptions, they satisfy the fair notice requirement."). For example, a medical-malpractice petition was held to pass muster when the plaintiff alleged only that she was injured on or about a certain date by the defendant physician's failure to use ordinary care, thus causing her disfigurement damages. *Naficy v. Braker*, 642 S.W.2d 282, 283–84 (Tex.App.-Houston [14th Dist.] 1982, writ ref'd n.r.e.); *see also Retail Techs., Inc. v. Palm City T.V., Inc.*, 791 S.W.2d 345, 346 (Tex.App.-Corpus Christi 1990, no writ) (petition gave fair notice by alleging that defendant supplied a defective computer system and had "made misrepresentations and breached warranties" in violation of the DTPA).

As the majority notes, it is possible to glean from appellant's petition that Loring had defaulted on a contract, that the collateral securing the contract had been sold, and that a balance of $10,601.55 was owing and due. Appellant also alleged that it had made demand on Loring and that Loring had not paid the amount demanded. The majority concludes, however, that Loring could not have prepared her defense from these allegations. I re-

spectfully disagree. In my view, the "prepare-a-defense" rule enunciated in *Paramount Pipe* means only that the petition must give the defendant enough information so that the defendant can intelligently investigate the case—with the aid of special exceptions and the liberal discovery mechanisms authorized by our rules—and prepare for eventual trial. Here, Loring was on notice that she was being sued on a contract, secured by collateral that had already been foreclosed upon, for exactly $10,601.55 due under the agreement. Nothing in the record suggests that Loring's financial affairs were so complicated that she could not identify the contract on which she was being sued from this information. If she had any doubt, however, she could have compelled appellant to furnish more specific information with a few discovery requests. She also might have been able to obtain a court order requiring more specific pleadings through special exceptions. I would conclude that Loring reasonably could have prepared her defense from the information provided by appellant's petition.[2]

Because the petition gave Loring fair notice of appellant's breach-of-contract claim, I would conclude that the trial court's refusal to grant appellant's amended motion for default judgment cannot be affirmed on the basis of either ground [1] or ground [3] cited by the trial court.

**B. Other grounds**

The majority does not reach the other grounds relied on by the trial court in refusing to grant appellant's request for a default judgment, so I will comment on

---

2. Although not necessary to my analysis, I would also note that the requests for admissions embedded in the petition implicitly convey additional information about the contract being sued upon. Those requests indicate that the contract in question related to the purchase of a car and had a 15.90% interest rate. Because the requests were part of the same document that included the original petition, arguably they should be considered in the fair-notice analysis as well.

them only briefly. Because the trial court's third deficiency letter encompasses all the grounds cited in its second letter, I will analyze only the third letter.

### 1. Liability grounds

In ground [2], the trial court refused to grant a default judgment because "Amended petition adds claims or damages." As appellant points out, it did not file an amended petition in this case. The trial court could not properly refuse to grant a default judgment on this factually erroneous ground.

In grounds [5], [6], and [7], the trial court concluded that appellant had adduced "No evidence" of various matters. None of these grounds presents a valid reason for the trial court to withhold a default judgment as to liability for breach of contract. The elements of breach of contract are (1) a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of that breach. *Petras v. Criswell,* 248 S.W.3d 471, 477 (Tex.App.-Dallas 2008, no pet.).

In ground [5], the trial court concluded that there was no evidence of the "sale and delivery of merchandise or performance of services." But by alleging that "funds were advanced to Defendant pursuant to a contract," appellant sufficiently alleged performance by the prior owner of its claim to satisfy the second element of its breach of contract claim. *See id.* at 477 (elements of breach of contract); *Tate v. Goins, Underkofler, Crawford & Langdon,* 24 S.W.3d 627, 633 (Tex.App.-Dallas 2000, pet. denied) ("The general rule in Texas is that causes of action are assignable."). The trial court erred by requiring proof of facts that were not essential elements of appellant's claim.

In ground [6], the trial court concluded that there was no evidence that the amount of the account was in accordance with the contract or was usual, customary and reasonable. Whether the amount claimed is "in accordance with" the contract is a matter going to damages, not liability. *See U.S. Rest. Props. Operating L.P. v. Motel Enters., Inc.,* 104 S.W.3d 284, 291 (Tex.App.-Beaumont 2003, pet. denied) (measure of damages for breach of contract is value promised in the contract minus value received). And it is not an element of breach of contract that the amount charged be "usual, customary and reasonable," *see Petras,* 248 S.W.3d at 477, so that was not a valid basis for withholding a default judgment as to liability either.

In ground [7], the trial court concluded that there was no evidence "of a systematic record kept and supported by an affidavit." That is not an element of breach of contract. *See id.* The trial court may have lifted this requirement from rule 185, which governs suits on sworn accounts. *See* Tex.R. Civ. P. 185. But because this was not a suit on sworn account, rule 185 has no application. Ground [7] was not a proper basis for refusing to grant a default judgment as to liability.

I would conclude that on this record the trial court was required to grant a default judgment in favor of appellant as to liability.

### 2. Proof of damages

Whether appellant sufficiently proved its damages so as to be entitled to a final default judgment is perhaps a closer question. Because appellant did not attach the written contract to its petition, this was a suit for unliquidated damages. Accordingly, appellant had to prove its entitlement to damages with adequate evidence. *See generally Sherman Acquisition II LP v. Garcia,* 229 S.W.3d 802, 808–10 (Tex.App.-

Waco 2007, no pet.). For this proof, appellant relied principally on an affidavit by Leigh Suttlemyre and on deemed admissions.

At the outset, in ground [8] the trial court refused to accept appellant's deemed admissions because they were not served on Loring after the petition and citation were served. I do not believe that there is any basis in the rules of civil procedure for imposing the judge's "separate service" requirement on a plaintiff. At least two courts of appeals have accepted appellant's method of obtaining deemed admissions, at least in the absence of a complaint by the defendant. *See Lee v. Unifund CCR Partners,* No. 03–07–00286–CV, 2008 WL 3539938, at *2 (Tex.App.-Austin Aug. 15, 2008, no pet.) (mem. op.); *Sherman Acquisition II LP,* 229 S.W.3d at 812. Because Loring did not object, I would conclude that the trial court could not refuse to accept the deemed admissions relied on by appellant.

This leaves the question presented by ground [4], whether damages can accurately be calculated from appellant's evidence. The trial court could disregard the Suttlemyre affidavit because she did not aver that all statements in her affidavit were true. *See Humphreys v. Caldwell,* 888 S.W.2d 469, 470 (Tex.1994) (per curiam). But through the deemed admissions, Loring admitted that she defaulted on the contract and that she owed the sum of $10,601.55, plus interest at the annual rate of 15.90%. The Waco Court of Appeals has held that similar admissions are sufficient to establish a plaintiff's case and require the trial court to render default judgment for the plaintiff. *Sherman Acquisition II LP,* 229 S.W.3d at 811–13. Because the deemed admissions sufficed to prove the amount of appellant's damages with specificity, I would hold that the trial court erred by failing to grant appellant's amended motion for default judgment as to both liability and damages.

## III. DISMISSAL FOR WANT OF PROSECUTION

The trial court dismissed the case under its inherent power to dismiss for want of prosecution. *See Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex.1999) (describing trial court's common-law inherent power to dismiss for failure to prosecute). The majority concludes that the trial court did not abuse its discretion by dismissing this four-month-old case under that inherent power. I respectfully disagree.

The trial court issued its notice of intent to dismiss for want of prosecution the day after suit was filed. This action was suspect in light of our observation in *Lopez v. Harding* that "[w]e question whether a notice of intent to dismiss issued *four* days after the filing of plaintiff's original petition could ever be the basis for dismissal under the court's inherent authority." 68 S.W.3d 78, 81 n. 3 (Tex.App.-Dallas 2001, no pet.). In the notice of intent to dismiss, the court instructed appellant that if no answer was filed, the case would be dismissed unless appellant either (1) filed a motion for summary judgment and had it heard by the dismissal deadline, or (2) proved up a default judgment by that date. Appellant attempted to comply with the judge's instructions by filing a motion for default judgment on August 20, 2007, over a month before the deadline. After the trial court gave notice that it was not going to rule on the motion because of various shortcomings, appellant filed an amended motion for default judgment on September 6, about three weeks before the deadline. The court issued two more nearly identical deficiency letters in which it refused to rule on the amended motion. Seventeen days after the last letter, the trial court

dismissed the case under its inherent power.

I would conclude that the trial court acted arbitrarily and unreasonably by dismissing the case under its inherent power to dismiss for want of prosecution. The inquiry for us on appeal is whether a trial judge reasonably could have concluded that the plaintiff failed to prosecute its case with reasonable diligence. *MacGregor v. Rich,* 941 S.W.2d 74, 75 (Tex.1997) (per curiam). The judge may consider the entire history of the litigation, periods of activity, intervals of inactivity, reasons for lack of attention, and the passage of time. *Lopez,* 68 S.W.3d at 80 n. 2. In my view, none of these factors support dismissal. The case was only four months old when the trial court dismissed it. Appellant filed its first motion for default judgment only two months after obtaining service on Loring. Appellant filed its amended motion for default judgment only 15 days after the court sent its letter advising that it would not rule on appellant's first motion for default judgment. These facts demonstrate ample diligence by appellant in prosecuting its case. Moreover, affirmances of dismissals under the inherent power generally involve time lapses far longer than the four-month span in this case. *See MacGregor,* 941 S.W.2d at 75 (eight-year delay); *Veterans' Land Bd. v. Williams,* 543 S.W.2d 89, 90 (Tex.1976) (per curiam) (seven-and-one-half year delay); *Scoville v. Shaffer,* 9 S.W.3d 201, 204 (Tex.App.-San Antonio 1999, no pet.) (delay of almost three years). Moreover, as discussed in Part II, *supra,* appellant was entitled to a default judgment, so it was improper for the trial court even to reach the question of want of prosecution. I would hold that the trial court abused its discretion by dismissing this case for want of prosecution.

Curiously, the majority takes no position as to whether appellant acted with due diligence in prosecuting its case. Instead, it relies on appellant's failure to prove up a default judgment to the trial court's satisfaction within four months of filing suit as justification for the trial court's dismissal of the case. I do not believe that this is a proper consideration when weighing whether a claimant has acted with due diligence in prosecuting its case. It seems to me that although the majority purports to affirm the judgment as a dismissal for want of prosecution under the court's inherent power, it is actually treating the judgment as a dismissal under the trial court's inherent power *to sanction.* See, e.g., *In re Bennett,* 960 S.W.2d 35, 40 (Tex.1997) ("A court has the inherent power to impose sanctions on its own motion in an appropriate case.") (per curiam); *Kutch v. Del Mar College,* 831 S.W.2d 506, 510 (Tex.App.-Corpus Christi 1992, no writ) (recognizing "the inherent power to sanction for abuse of the judicial process which may not be covered by rule or statute"). If a trial court dismisses a case based on a party's failure to take some action ordered by the court, the dismissal amounts to a sanction. *See Kutch,* 831 S.W.2d at 511–13 (analyzing propriety of dismissal with prejudice as an inherent-power sanction for plaintiff's failure to replead within court-ordered deadline). The trial court's order is opaque as to whether the trial court perceived itself to be relying on the inherent power to sanction in addition to the inherent power to dismiss for failure to prosecute with due diligence. But to the extent the court relied on the inherent power to sanction, it must have sanctioned appellant for failing to prove up its default judgment within the time allowed. Because I believe appellant successfully proved up its default judgment, I would hold the trial court abused its discretion if

it dismissed the case as a sanction under its inherent power.[3]

### IV. CONCLUSION

In summary, I would hold that appellant did not preserve error with respect to its motion for default judgment. If appellant had preserved error, I would hold that appellant was entitled to a default judgment. I would further hold that the trial court abused its discretion by dismissing a four-month-old case in which the plaintiff had successfully proved its entitlement to a default judgment. Because the majority does not do so, I respectfully dissent.

**3.** Because I conclude that appellant successfully proved up its default judgment, I need not consider whether dismissal without prejudice would be an excessive and unjust sanction for failing to file an adequate motion for default judgment within the four-month time frame ordered by the trial court.