

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00148-CV

Javier H. **PEREZ**,
Appellant

v.

Patricia **VILLARREAL** and Israel Villarreal,
Appellees

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2011-CVT-000406-D2
Honorable Monica Z. Notzon, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  August 29, 2014

AFFIRMED

On January 23, 2013, the trial court granted Appellees Patricia and Israel Villarreal's motion to dismiss for want of prosecution.  On February 23, 2013, Appellant Javier H. Perez filed his notice of appeal.  We affirm the trial court's judgment.

#### BACKGROUND

In March 2011, Perez filed suit for personal injury damages stemming from an automobile accident.  The Villarreals' answer was timely filed, discovery was propounded, and the case was set, and reset, for trial.  All legal documents and correspondence were sent to and from Perez at

the federal penitentiary in Milan, Michigan where he was an inmate. These included, but were not limited to: (1) Perez's attorney's motion to withdraw, (2) Perez correspondence to the court clerk requesting a status update and announcing he was ready to proceed to trial, (3) the Villarreals' motion to substitute counsel, and (4) the Villarreals' motion to dismiss for want of prosecution averring that the case was not set for trial and Perez had failed to respond to written discovery served on June 11, 2011.

On November 28, 2012, the trial court entered the following order setting the motion to dismiss:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that it is the intention of this Court to Dismiss this cause at the expiration of 30 days from the entry of this Order unless good cause is shown that said action should be maintained on the Court's Docket at a hearing set on the 21st day of December, 2012 at 9:00 o'clock a.m., in the 111th District Court, Webb County, Texas.

The order further indicates that it was served on Perez at the Michigan address: FCI Milan-Federal Correctional Institution, P.O. Box 1000, Milan, MI 48160. Perez concedes he knew of the December setting for the motion to dismiss.

On December 18, 2012, the court clerk advised the parties that, on the court's own motion, the hearing on the motion to dismiss was reset to January 23, 2013. The appellate record confirms the advisory was sent to Perez at the Michigan address. When the case was called on January 23, 2013, the trial court entered an order of dismissal for want of prosecution. Perez did not file a motion to reconsider or any other motions in the trial court. On February 23, 2013, Perez mailed his notice of appeal.

## JURISDICTION

We first address the Villarreals' contention that this court does not have jurisdiction over this appeal because Perez's notice of appeal was untimely. We disagree.

On March 10, 2013, the Villarreals filed a motion to dismiss the appeal for lack of jurisdiction alleging Perez's notice of appeal was untimely. This court ordered Perez to file a response offering a reasonable explanation for failing to timely file the notice of appeal or establishing that the notice was timely filed. *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (Tex. 1997); *accord Dimotsis v. Lloyds*, 966 S.W.2d 657, 657 (Tex. App.—San Antonio 1998, no pet.) (per curiam). Perez filed a response stating he did not learn of the January 23, 2013, judgment until February 22, 2013, and that he filed his notice of appeal the next day.

Ultimately, this court issued an order providing that Perez's explanation for the late notice of appeal was reasonable and that the notice had been filed within the fifteen-day grace period provided by Rule 26.1(c) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 26.1 (requiring notice of appeal be "filed within 30 days after the judgment is signed"). Having found this court has jurisdiction over the appeal, the Villarreals' motion to dismiss the appeal for want of jurisdiction was denied and the appeal was retained on the court's docket. Accordingly, we overrule this issue.

We, therefore, turn to Perez's contention that the trial court abused its discretion in entering an order of dismissal for want of prosecution.

## DISMISSAL FOR WANT OF PROSECUTION

### A. Texas Rule of Civil Procedure 165a

A trial court is authorized to dismiss a case for want of prosecution based on its inherent power and Rule 165a. *See* TEX. R. CIV. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *accord Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 850 (Tex. 2004). A trial court must provide the parties notice and an opportunity to be heard before it may dismiss a case for want of prosecution under either Rule 165a or its inherent authority. *See* TEX. R. CIV. P. 165a(1); *Villarreal*, 994 S.W.2d at 630; *accord Lynda's Boutique*, 134 S.W.3d at 850–

51. Common law further vests the trial court with the inherent power to dismiss a case independently of the rules of procedure when a plaintiff fails to prosecute his case with due diligence. *Villarreal*, 994 S.W.2d at 630.

## B.      Standard of Review

We review a trial court's action on a motion to dismiss for want of prosecution under a "clear abuse of discretion" standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (citing *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976)); *Dobroslavic v. Bexar Appraisal Dist.*, 397 S.W.3d 725, 728 (Tex. App.—San Antonio 2012, pet. denied); *Vann v. Brown*, 244 S.W.3d 612, 614 (Tex. App.—Dallas 2008, no pet.). A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)); *accord Moss v. Waste Mgmt. of Tex., Inc.*, 305 S.W.3d 76, 81 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Packer*, 827 S.W.2d at 839; *Dobroslavic*, 397 S.W.3d at 728.

In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. *See Dobroslavic*, 397 S.W.3d at 729–30. No single factor is dispositive. *Id.* "When challenging the trial court's decision to dismiss, the appellant has the burden to bring forth a record that demonstrates an abuse of discretion." *Id.* at 729.

C.      **Arguments of the Parties**

Perez asserts he was denied due process based on lack of notice.  The Villarreals counter that because Perez did not present his complaint to the trial court, he did not preserve error for appeal.  TEX. R. APP. P. 33.1(a)(1)(A); *see Dolcefino v. Randolph*, 19 S.W.3d 906, 926 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (stating that the purpose of Rule 33.1 is to ensure that the trial court has the opportunity to rule on matters for which the parties later seek review on appeal).

D.      **Due Process and the Trial Court's Order of Dismissal**

This case is factually similar to the issues raised in *Franklin v. City of Fort Worth*, No. 02-12-00453-CV, 2014 WL 3696092 (Tex. App.—Fort Worth July 24, 2014, no pet. h.) (mem. op., not designated for publication).  Franklin filed suit seeking $10 million in damages against the City for mental stress and physical pain suffered following a citation the City issued to Franklin. *Id*. at *1.  The City filed a motion to dismiss. *Id*.  The trial court granted the motion after Franklin, who was notified of the hearing by certified mail, did not appear at the hearing. *Id*.  Like Perez, Franklin contended the trial court's actions violated his due process rights. *Id*.

The Fort Worth Court of Appeals concluded that "because Franklin did not raise his due process complaint in the trial court, Franklin failed to preserve this complaint for appellate review." *Id*. (citing *Nivens v. City of League City*, 245 S.W.3d 470, 475 n.6 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) and *In re Baby Boy R.*, 191 S.W.3d 916, 921 (Tex. App.—Dallas 2006, pet. denied)).  The Court further explained:

> We note that even if Franklin had preserved his due process complaint for our review, Franklin was not denied a hearing at any stage of the proceedings in the trial court.  Franklin was afforded a hearing on the City's . . . motion to dismiss.  Even though Franklin did not appear at the hearing on the City's motion to dismiss, Franklin does not complain that he did not receive notice of the hearing.  At the hearing, the trial judge asked the City to provide evidence that Franklin had notice of the hearing.  In response, the City offered and the trial court admitted into

> evidence a copy of the letter the City mailed to Franklin notifying him of the hearing and a copy of the certified mail return receipt signed by him.

*Id.* at *1, n.2.

Similarly, Perez concedes he received the trial court's notification that it intended to dismiss the case absent a good cause showing that the case should be maintained on the court's docket. The appellate record contains the correspondence and a copy of the envelope sent to Perez on December 18, 2012, resetting the motion to dismiss to January 23, 2013. In *Harris Cnty. v. Miller*, 576 S.W.2d 808, 810 (Tex. 1979), the Texas Supreme Court held that either notice of the trial court's intent to dismiss or notice of the actual order of dismissal is sufficient to provide the necessary notice. *See also Lowe v. U.S. Shoe Corp.*, 849 S.W.2d 888, 891 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (holding it is only necessary that there be notice of *either* the intent to dismiss or the order of dismissal) (emphasis in original).

Accordingly, because Perez did not raise his due process complaint in the trial court, he failed to preserve error as required by Rule 33.1. TEX. R. APP. P. 33.1(a)(1)(A).

Even assuming that Perez preserved error, the clerk's notice clearly informed the parties of the scheduled hearing and the trial court's intention to dismiss the case unless good cause was shown. Thus, Perez was provided with notice of the trial court's power to dismiss. TEX. R. CIV. P. 165a. Pursuant to the trial court's order, Perez could have preserved his case on the court's docket by either bringing forward good cause at the hearing *or* in a motion filed prior to the hearing. The trial court's notification was dated November 28, 2012, and the case was not dismissed until January 23, 2013. The record does not contain, and Perez does not allege, that any motions, pleadings, or documents of any kind were produced to the trial court as evidence of good cause to maintain the case on the court's docket. To the contrary, a review of the record

substantiates that Perez did not take any action to provide the trial court with the requested good cause.

Because Perez failed to show the trial court abused its discretion in dismissing Perez's suit for want to prosecution, we affirm the trial court's January 23, 2013, Order of Dismissal for Want of Prosecution.

Patricia O. Alvarez, Justice