Michael V. PETRAS, Appellant,

v.

Harold W. CRISWELL, Appellee.

No. 05–06–01053–CV.

Court of Appeals of Texas, Dallas.

March 20, 2008.

Eric D. Fein, Vickie S. Brandt, Eric D. Fein, P.C. & Associates, Dallas, TX, for Appellant.

James C. Mosser, Mark L. Hill, Mosser Mallers PLLC Lawyers, Byron Kevin Henry, Cowles & Thompson, PC, Dallas, TX, for Appellee.

Before Justices MORRIS, MOSELEY, and O'NEILL.

## OPINION

Opinion by Justice MORRIS.

This appeal arises out of a dispute over an unconsummated agreement for the sale and purchase of an apartment complex. On appeal, the intended purchaser, Michael V. Petras, complains that the trial court erred in granting the property owner, Harold W. Criswell, summary judgment on Petras's claims, erred in denying Petras's motion for summary judgment on Criswell's counterclaims, and also erred in awarding Criswell attorney's fees. After reviewing the record before us, we conclude Petras failed to establish any reversible error. Accordingly, we affirm the trial court's judgment.

### I.

The parties' dispute had its origins in a 2003 lawsuit Criswell filed against Petras. In that lawsuit, the parties entered into a settlement agreement on the trial court's record pursuant to rule 11 of the Texas Rules of Civil Procedure. Among other things, the rule 11 agreement contemplated Petras's purchase of an apartment complex from Criswell. With respect to this purchase, Criswell's attorney stated on the record, "We will prepare a standard multifamily real estate contract, with sale of the [apartment complex] to Mr. Petras for Mr. Criswell and the closing date requiring $605,000 cash at closing to Mr. Criswell to close on or before 31 May, 2003." The parties later signed a real estate sales contract on April 4, 2003 specifying a closing date of June 13, 2003. The contract also contained the following provision: "This contract . . . is effective on the date ('Effective Date') of the last of the signatures by Seller and Buyer as parties to this contract and by Title Company to acknowledge receipt of the Earnest Money. Buyer must deliver the Earnest Money to Title Company and obtain Title Company's signature before the Earnest Money Deadline provided in section A.1. for this contract to be effective."

The closing did not occur on June 13. The parties apparently agreed to extend the closing to an unspecified date, but in a letter dated June 17, Criswell's attorney indicated that Criswell was not willing to extend the closing further and that the contract had terminated by its terms. Nevertheless, the parties continued to communicate. As late as July 2, Criswell's attorney emailed a preliminary closing statement to Petras's partner, who was funding the transaction for Petras. The purchase was never completed, however.

In 2004, Petras filed the present lawsuit against Criswell for specific performance and damages alleging breach of the April 4 contract, fraud in a real estate transaction under section 27.01 of the Texas Business

and Commerce Code, common law fraud, negligent misrepresentation, and promissory estoppel. He later amended his petition to include claims based on Criswell's breach of the parties' rule 11 agreement. Criswell filed a counterclaim asserting various causes of action.

Criswell moved for a no-evidence summary judgment on all of Petras's causes of action. Petras, in turn, moved for a no-evidence summary judgment on Criswell's counterclaims. The trial court granted Criswell's motion on Petras's fraud, promissory estoppel, and negligent misrepresentation claims. The trial court also granted Criswell summary judgment on Petras's breach of contract claims arising from any alleged breach occurring before June 29, 2003, the date the title company signed the real estate contract acknowledging receipt of the earnest money. Additionally, the trial court granted Petras's motion for summary judgment on Criswell's promissory estoppel and negligent misrepresentation claims against Petras leaving only Criswell's breach of contract claims.

After the summary judgment rulings, Criswell filed special exceptions to Petras's petition, and the trial court ordered Petras to replead and identify alleged breaches occurring after June 29. Petras complied by filing a fourth amended petition alleging Criswell failed to close the sale through July 2003 and thereafter even though Petras was ready to perform. The trial court granted Criswell's second no-evidence summary judgment motion that challenged each element of Petras's remaining breach of contract claims. Criswell filed a notice of non-suit withdrawing his remaining contract claims and then sought attorney's fees as the prevailing party pursuant to the April 4 contract. The trial court held a trial without a jury on Criswell's request for attorney's fees and awarded him $45,915 plus conditional attorney's fees and costs. This appeal followed.

## II.

We begin our analysis with Petras's challenges to the trial court's summary judgment against him on his fraud, negligent misrepresentation, promissory estoppel, and breach of contract claims based on alleged breaches before June 29, 2003.[1]

A cause of action for common law fraud requires proof that the defendant intended the claimant to act upon his false material misrepresentation. *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). Fraudulent intent is also an element for Petras's statutory fraud claim. *See* TEX. BUS. & COM.CODE ANN. § 27.01(a)(2)(B) (Vernon 2002). Petras bases his fraud claims on Criswell's failure to prepare a standard multi-family real estate contract and Criswell's failure to sell the property to Petras. He argues that when Criswell promised to sell him the property, Criswell never intended to close the transaction and never performed the contractual duties necessary to complete the sale.

1. The issues identified in the sections of Petras's brief entitled "Issues Presented" and "Summary of the Arguments" do not correspond to the issues identified in the "Argument and Authorities" section. Our discussion and analysis addresses the issues identified in the "Arguments and Authorities" section. To the extent Petras raises additional or different issues in the "Issues Presented" and "Summary of the Arguments," they are waived by his failure to provide any argument with appropriate citations to authorities and to the record to support these contentions. *See* TEX.R.APP. P. 38.1(h).

■ A promise of future performance, such as to prepare a contract or sell property, can be the basis of an actionable fraud claim if the promise was made with no intention of performing at the time it was made. *See Spoljaric v. Percival Tours, Inc.,* 708 S.W.2d 432, 434 (Tex. 1986). Such intent may be inferred from the party's actions after the promise is made. *Id.* However, the mere failure to perform, without more, is no evidence of the necessary intent. *Id.* at 435.

■ Petras argues that Criswell's failure to provide a standard multi-family contract, obtain payoff information on existing property liens, and meet other contractual deadlines, together with Criswell's knowledge that the early payoff of one existing lien would include a significant prepayment penalty, is sufficient circumstantial evidence to create a genuine issue of material fact on Petras's fraudulent intent. We do not agree. Petras's summary judgment evidence is merely assertions of Criswell's failure to perform as promised and complete the transaction. This evidence, without more, does not create a fact issue on whether Criswell never intended to perform as promised. Accordingly, the trial court did not err in granting summary judgment on Petras's fraud claims.

■ Petras next complains about the trial court's summary judgment on his negligent misrepresentation claim. Petras bases this claim on Criswell's representations that he would sell Petras the property and perform the contract obligations. Criswell's failure to do so, Petras argues, constitutes negligent misrepresentation. A cause of action for negligent misrepresentation, however, requires a misstatement of existing fact rather than a promise of future conduct. *See Kastner v. Jenkens & Gilchrist, P.C.,* 231 S.W.3d 571, 579 (Tex.App.-Dallas 2007, no pet.). As noted above, the representations forming the basis of Petras's negligent misrepresentation claims are nothing more than Criswell's promise to perform in the future. Because such promises are not misrepresentations of existing fact, they cannot support Petras's negligent misrepresentation claim. Accordingly, the trial court properly granted summary judgment on Petras's negligent misrepresentation cause of action.

■■ Petras also challenges the trial court's summary judgment on his promissory estoppel claim. One of the required elements of a promissory estoppel claim is substantial reliance by the promisee to his detriment. *See English v. Fischer,* 660 S.W.2d 521, 524 (Tex.1983). Importantly, the recoverable damages under a promissory estoppel theory are not the profits the claimant expected from acting in reliance on the promise, but rather the amount necessary to place him in the position he would have been had he not acted in reliance on the promise. *See Lamajak, Inc. v. Frazin,* 230 S.W.3d 786, 794 (Tex.App.-Dallas 2007, no pet. h.).

In opposition to Criswell's motion, Petras submitted his affidavit asserting he suffered emotional distress and lost the difference in the value of the property less the purchase price and closing costs. Petras's business partner also submitted an affidavit stating he expended time and money forming the partnership and incurred other costs associated in furtherance of the transaction. This evidence, however, is insufficient to create a fact issue on substantial detrimental reliance. Petras's emotional distress and lost profits from the purchase are not compensable damages under a promissory estoppel theory. Petras provides no other evidence of how his reliance on Criswell's promise to sell him the apartment complex caused a loss to him personally. Moreover, Petras's partner is not party to this suit. Accordingly, his detrimental reliance is irrelevant

to Petras's promissory estoppel claim. Absent any evidence of Petras's substantial detrimental reliance, the trial court did not err in granting summary judgment on his promissory estoppel claim against Criswell.

■■■ We next turn to Petras's breach of contract claims arising from alleged breaches occurring before June 29, 2003. A successful breach of contract claim requires proof of the following elements: (1) a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of that breach. *See Case Corp. v. Hi–Class Bus. Sys. of Am., Inc.,* 184 S.W.3d 760, 769 (Tex.App.-Dallas 2005, pet. denied).

The first necessary element for a successful breach of contract claim is a valid, enforceable contract. *See Case Corp.,* 184 S.W.3d at 769. Petras relies on the April 4 real estate contract to support his breach of contract claim. His summary judgment evidence contains a copy of the April 4 contract signed by him and Criswell. The first paragraph of this contract, however, expressly provides that the contract would not be effective until the title company also signed the contract acknowledging receipt of the earnest money. Petras provided no summary judgment evidence that the title company ever signed the contract as required. He therefore failed to establish the validity of April 4 contract, an essential element of his breach of contract claim.

■■■ In reaching this conclusion, we necessarily reject Petras's argument that the April 4 contract provision requiring the title company's signature to be effective was ambiguous. Whether a contract is ambiguous is question of law. *In re D. Wilson Constr. Co.,* 196 S.W.3d 774, 781 (Tex.2006) (orig.proceeding). If the agreement can be given a certain and definite legal meaning, it is not ambiguous, and we construe the agreement as a matter of law. *See Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983).

Here, the plain terms of the contract as recited above required the title company's signature for the contract to be effective. After reviewing the language of the contract in evidence, it is clear that it would not be valid or enforceable until the title company signed the contract acknowledging receipt of the earnest money. Because Petras failed to provide any summary judgment evidence of the title company's signature on the contract as required, he was unable to establish a valid, enforceable agreement. In fact, the only contract in the record evidencing the title company's signature was provided by Criswell. Criswell's copy of the contract indicated the title company signed the contract on June 29, when it received Petras's earnest money. Accordingly, the trial court did not err in granting summary judgment on Petras's contract claims based on breaches of the April 4 contract occurring before June 29.

Petras also complains about the trial court's failure to rule on his objections to Criswell's summary judgment evidence. He contends the trial court's failure to rule had the effect of implicitly overruling his objections. To successfully challenge an evidentiary ruling, Petras must show the judgment turned on the particular evidence being challenged and the error in excluding the evidence probably resulted in the rendition of an improper judgment. *See Owens v. Comerica Bank,* 229 S.W.3d 544, 548 (Tex.App.-Dallas 2007, no pet.). Even assuming that Petras's objections were implicitly overruled, he has failed to put forth any argument with respect to how the trial court's ruling probably resulted in an improper judgment on Criswell's no-evidence summary judgment

motion.[2] The no-evidence motion for summary judgment required Petras to produce evidence raising a genuine issue of material fact on each challenged element of his breach of contract claim. *See* TEX.R. CIV. P. 166a(i). The trial court's disposition of the no-evidence summary judgment motion therefore turned on whether Petras met his burden. Any evidence submitted by Criswell was irrelevant to that determination. Consequently, Petras has failed to establish any reversible error in connection with the trial court's purported implied ruling on his objections to Criswell's summary judgment evidence.

 Petras also complains of the trial court's order limiting the subject areas in which Petras's real estate expert, Charles R. Porter, could testify. Petras argues the trial court should not have made such a ruling before Porter was deposed or provided testimony. He also contends the order was more restrictive than the trial court's oral ruling. According to Petras, the exclusion of this evidence "may well have affected the court's rulings on the summary judgment motion since Petras would have used such testimony in his response to summary judgment."

 The trial court's order precluded Porter from testifying in ten different subject areas. The details of the excluded testimony does not appear in the record before us. The only expert testimony Petras submitted in his summary judgment response was Porter's opinion on whether the April 4 contract was a standard multi-family real estate contract. A two-part

test governs the admissibility of expert evidence: (1) the expert must be qualified and (2) the testimony must be relevant and based on a reliable foundation. *Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex.2006). The trial court makes the initial admissibility determination based on the above test and we will reverse only if there is an abuse of discretion. *Id.*

Petras's brief cites no authority for his position that the trial court was required to hear the actual testimony before ruling on its admissibility. Additionally, he provides no argument with respect to the relevancy of the excluded evidence to particular elements of his various causes of action or explain how it would have defeated the summary judgment motions. Consequently, he has waived this issue on appeal. *See* TEX.R.APP. P. 38.1(h). Even absent waiver, however, we have reviewed the trial court's order and have determined the trial court did not abuse its discretion. The subject areas excluded by the trial court involved matters inappropriate for expert testimony. *See* TEX.R. EVID. 702. Accordingly, we find no merit in Petras's challenge to the trial court's ruling limiting Porter's testimony.

██ Petras further contends the trial court erred in denying his motion for summary judgment on Criswell's counterclaims for breach of contract. Criswell filed a notice of non-suit on these counterclaims after the trial court rendered summary judgment in his favor on all of Petras's causes of action. The non-suit extinguished Criswell's breach of contract

---

2. Petras cites *Clement v. City of Plano* for the proposition that the trial court's failure to rule was tantamount to implicitly overruling his objections. 26 S.W.3d 544, 550 n. 5 (Tex. App.-Dallas 2000, no pet.). *Clement* involved the trial court's implicit overruling of a non-movant's special exceptions to a traditional

summary judgment motion. Petras fails to put forth any argument or discussion as to why that rule would extend to the situation presented in the no-evidence summary judgment context where the evidence objected to was irrelevant to the disposition of the motion.

claims from the moment his notice was filed. *See* Tex.R. Civ. P. 162; *UTMB at Galveston v. Estate of Darla Blackmon,* 195 S.W.3d 98, 100 (Tex.2006). These claims are not part of the final judgment and there is presently no actual controversy between the parties with respect to these claims. Because our decision cannot have any practical legal effect on these dismissed claims, Petras's challenges to these claims are moot. We therefore do not address Petras's issues complaining about the denial of his summary judgment because to do so would result in an improper advisory opinion. *See Camarena v. Tex. Employment Comm'n,* 754 S.W.2d 149, 151 (Tex.1988) (mootness doctrine dictates that courts avoid rendering advisory opinions by deciding only issues that present an actual controversy at the time of the decision).

■ Petras next argues the trial court erred in granting Criswell's second no-evidence summary judgment motion on his remaining contract claims arising after June 29. Initially, Petras asserts his contract claims were based not only on the April 4 contract, but also on the rule 11 agreement. Petras argues Criswell breached the rule 11 agreement in the 2003 lawsuit by failing to prepare a standard multi-family real estate contract and filing a dismissal without prejudice in the 2003 suit rather than a dismissal with prejudice.

To defeat Criswell's no-evidence summary judgment motion, Petras not only had to present evidence of a breach, but also establish he was damaged as a result of that breach. *See Case Corp.,* 184 S.W.3d at 769. Our review of Petras's summary judgment evidence reveals the absence of the required nexus between the alleged breaches of the rule 11 agreement and his alleged damages. Petras complains he lost the economic benefit he would have received had he actually purchased the apartment complex. Petras's summary judgment evidence, however, does not demonstrate Criswell's alleged failure to prepare a standard multi-family real estate contract prevented him from purchasing the property. On the contrary, Petras claims that he was able to close the transaction on June 13, 2003 or at any time thereafter.

Likewise, there was no summary judgment evidence that Petras was damaged by Criswell's failure to file a dismissal with prejudice in the 2003 lawsuit. On appeal, Petras argues he is left vulnerable to the possibility that Criswell might refile his 2003 claims. But there is nothing in the record to suggest Criswell refiled or even intended to refile the claims he dismissed in the 2003 lawsuit. Thus, any damage Petras might suffer from Criswell's possible refiling is pure speculation. To the extent Petras suggests he was damaged by Criswell's counterclaims in the present lawsuit, we note that those counterclaims arose out of the parties' rule 11 agreement and the parties' real estate contract. They were not the claims presented in the 2003 lawsuit. Because Petras failed to put forth sufficient evidence to create a genuine issue of material fact on the damage element for his claims based on breaches of the parties' rule 11 agreement, the trial court's summary judgment on these claims was proper.

■ Petras also complains about the trial court's summary judgment on his contract claims arising from Criswell's alleged breaches of the April 4 contract occurring after June 29, 2003. Once again, Petras generally asserts that Criswell breached the contract by failing to perform certain contractual obligations and by failing to close the transaction.

■ Among the elements needed to defeat Criswell's no-evidence summary judgment motion on his remaining contract claims, Petras needed to present evidence creating a fact issue on whether he performed or tendered performance under the contract. *See Case Corp.*, 184 S.W.3d at 769. Where, as here, the parties have mutually concurrent contract obligations, such as a deed to be delivered upon tender of the purchase price, tender serves to invoke the seller's obligation to convey and establish that the buyer is ready, willing, and able to perform under the contract. *See Roundville Partners, L.L.C. v. Jones*, 118 S.W.3d 73, 79 (Tex.App.-Austin 2003, pet. denied). Tender is not required, however, if it was prevented by the other party or where the defendant repudiates the contract. *17090 Parkway, Ltd. v. McDavid*, 80 S.W.3d 252, 259 (Tex.App.-Dallas 2002, pet. denied). We must therefore examine Petras's summary judgment evidence to determine whether it was sufficient to create a fact issue on the issue of tender.

In his affidavit, Petras makes the conclusory statement that he was able to close the transaction at any time from June 13 onward. There is nothing in the record, however, to suggest that Petras ever tendered the purchase price to Criswell. In fact, the summary judgment evidence reveals that Petras was completely dependent on his partner to provide the funds for the closing. Their agreement, which is part of the summary judgment evidence, provides that the money for closing "will be available at COE and upon obtaining clean title to the property." Thus, according to the agreement with his partner, Petras could not have received the neces-

sary closing funds until the liens were cleared. Although Petras repeatedly argues on appeal that the transaction could not close until the existing liens on the property were cleared, the plain terms of the April 4 real estate contract did not require the liens be paid off before the closing. Instead, the summary judgment evidence indicates Petras's partner was the one who required the liens to be paid off before the sale could be completed.[3]

In concluding that Petras did not tender performance, we are unpersuaded by Petras's argument that tender was excused in the circumstances presented. There is no summary judgment evidence that Criswell's actions actually prevented Petras from tendering the necessary funds or that Criswell repudiated the contract. On the contrary, it appears that the parties continued to negotiate until mid-July when communications finally ended. Because there was no summary judgment evidence that Petras tendered the purchase price to Criswell or other evidence suggesting tender was not required, the trial court did not err in granting Criswell's second no-evidence summary judgment motion on Petras's remaining contract claims based on the April 4 contract.

Petras also asserts the trial court erred in granting Criswell's traditional motion for summary judgment against Petras. The record reflects that Criswell filed his traditional motion on the same day he filed his second no-evidence motion for summary judgment. There is nothing in the record, however, indicating that the trial court ever considered or ruled on Criswell's traditional motion. In fact, the trial court signed an order specifically granting

---

**3.** There is summary judgment evidence that both Petras and his partner proposed to restructure the sale so that the title issues would be cleared after the closing. However, as noted above, the April 4 contract did not require the liens to be cleared prior to closing and therefore this proposal did not constitute tender of performance as required by that contract.

Criswell's no-evidence motion for summary judgment, thereby making it unnecessary for the trial court to reach the merits of Criswell's traditional summary judgment motion. Because the trial court took no action on Criswell's traditional motion, this issue presents nothing for us to review. Moreover, our conclusion that the trial court properly granted Criswell's no-evidence summary judgment motions makes it unnecessary to address the merits of Criswell's traditional summary judgment motion. *See Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 600 (Tex.2004).

 Lastly, Petras challenges the attorney's fees awarded to Criswell after a trial before the court. Petras argues that the trial court's award was improper because Criswell failed to segregate fees related to defending Petras's breach of contract claims under the real estate contract from Petras's other claims and Criswell's counterclaims.[4]

 When attorney's fees relate solely to claims for which such fees are unrecoverable, a claimant must segregate. *See Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 313 (Tex.2006). Only when discrete legal services advance both recoverable and unrecoverable claims are they so intertwined that they need not be segregated. *Id.* at 313–14. At trial, Criswell's attorney testified that all of Petras's claims were based on the same common facts and so intertwined as to be inseparable from the contract claims. He further stated that all of the counterclaims pursued by Criswell were in a totally different billing file and segregated from fees related to defending Petras's contract claims. It therefore appears from the record that Criswell segregated fees as required.

We affirm the trial court's judgment.

---

4. Petras's heading under this issue also complains Criswell failed to make "presentment" of his claim. Petras has waived his "presentment" argument by failing to provide any authority or argument for his position. *See* Tex.R.App. P. 38.1(h).