**Reverse and Render in part; Affirm in part; Opinion Filed July 23, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01269-CV

**TIFFANY LYNN FRASER, Appellant**
**V.**
**TIMOTHY PURNELL, AS INDEPENDENT EXECUTOR, ESTATE OF TOMMY ARTHUR PURNELL, DECEASED, Appellee**

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-11-927-1**

## MEMORANDUM OPINION
Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Stoddart

This case presents an appeal from a bench trial in which the trial court found in favor of appellee Timothy Purnell, as Independent Executor of the Estate of Tommy Arthur Purnell, Deceased (Purnell), against appellant Tiffany Lynn Fraser on Purnell's claims of common law fraud and statutory fraud in a real estate transaction. The trial court awarded damages, pre- and post-judgment interest, and attorney's fees to Purnell. In three issues, Fraser argues there is legally insufficient evidence to support the judgment for fraud and statutory fraud and, assuming the evidence supports the judgment, the trial court erred by refusing to apportion responsibility to two designated third parties. In two cross-points, Purnell asserts the trial court's holding that he take nothing on his claim for negligent misrepresentation is against the greater weight and preponderance of the evidence and the trial court erred by striking his's fifth amended original

petition. We reverse the trial court's judgment and render a take-nothing judgment in favor of Fraser.

FACTUAL BACKGROUND

Fraser is a real estate agent who worked for Kevin Wiley and Tower Custom Homes, LLC in a transaction to purchase a property from Purnell. On December 18, 2009, she submitted an offer via email from Tower Custom Homes to Purnell in which she represented the offer was a cash offer and Tower Custom Homes could close in February 2010. In the email she noted that "Buyer can close much sooner" than February.

The parties agreed to a contract, which was set to close on February 12, 2010. The contract states: "Upon execution of this contract by all parties, Buyer shall deposit $2,500.00 as earnest money with Fidelity National Title as escrow agent. . ." The contract did not include terms for financing any portion of the purchase price. On January 26, 2010, Purnell and Fraser exchanged emails. Purnell's email stated: "Attached is the initialized option page for your copy of the contract." In response, Fraser wrote: "I'm not sure if its [sic] my computer, but I didn't receive the attachment. . . . The earnest money and fully executed contract will be sent to Title today." The basis for Fraser's statement that the "earnest money and fully executed contract will be sent to Title today" was Wiley's representation to her that he was going to deliver the earnest money to the title company. Wiley never delivered the earnest money to the title company, and never told Fraser he did not deposit the money. Likewise, Fraser never contacted Purnell to inform him the earnest money was not deposited.

Fraser emailed Purnell on February 6, 2010, and informed him: "Evidently, Tower Custom Homes has an investor that will need to be present for Closing. He will not be back in town for closing until the end of the month." Purnell replied he had "no trouble with pushing closing back to late Feb[ruary]." On February 23, 2010, Fraser sent another email to Purnell: "I

–2–

just got this amendment from Tower Custom Homes. Evidently, he is taking out a small construction loan and doing a one time close on this property. The loan is underwriting and should be able to close by next Friday. Sorry, I just received this amendment. . . . Sorry, for the delay, evidently the cost associated with the updating required Mr. Wiley to need a small loan." Purnell replied that he could extend the closing date until March 6, 2010.

Although the closing date was extended several times, the contract never closed. Fraser testified at trial: "I don't think he [Wiley] had the investor or cash to close." Purnell learned the earnest money was never deposited in April 2010 when he terminated the contract and attempted to collect the money.

In his fourth amended original petition, Purnell sued Fraser for common law fraud, fraud in a real estate transaction, and negligent misrepresentation. Purnell alleged Fraser made several misrepresentations, including her email that the "earnest money and fully executed contract will be sent to Title today," and that "Fraser knew at the end of the day of the written representation, reaffirming the earlier oral representation [sic] that the deposit had not been made that day." However, Purnell alleged, Fraser failed to disclose to him that the earnest money was never deposited. In his opening statement before the trial court, counsel for Purnell further explained Purnell's argument:

> There was a representation from the realtor both verbally and in writing that the earnest money deposit and the contract would go to the title company today, and that was made on January -- the email was sent on January 26 of 2010 and it was confirming an earlier oral statement earlier in January. The reason I mention that in that much detail is if there is authority that when a person makes a statement, even though they think it is true at the time and later gains information that makes him know that it was not true, then there's a duty to convey that information to the person who is spoken to.
> And the way the courts say it is that the Defendant has a duty to disclose material facts when it discovers new information that makes an earlier representation false or misleading.
> And if she sends out an email confirming an earlier conversation that, "I'm sending my earnest money to the title today," and at the end of the day, if she didn't send it, then she has a duty to contact him and say, you know, "I

–3–

thought when I told you that he was going to send earnest money. It didn't come in. I didn't send it and it has not been made."

The trial court entered findings of fact and conclusions of law, including that Fraser "made false statements of fact and promises of future performance with the intent, at the time the promise was made, not to perform as promised"; Fraser failed to disclose material facts when she discovered new information that made an earlier representation false or misleading; Fraser made false representations and failed to disclose material facts with the intent that Purnell would act on her misrepresentations; and Fraser made false misrepresentations of past or existing facts to Purnell to induce Purnell to enter a contract and Purnell relied on the misrepresentation; Fraser made "false promises to do an act" with "the intent of not fulfilling it" to induce Purnell to enter into a contract. The trial court concluded Purnell showed Fraser committed common law fraud and statutory fraud in a real estate transaction, but failed to show negligent misrepresentation.

LAW & ANALYSIS

A.    **Fraud and Statutory Fraud**

In her first issue, Fraser asserts there is legally insufficient evidence to support the trial court's judgment for fraud and statutory fraud because there is no evidence Fraser made a misrepresentation that she knew was false at the time it was made, on which Purnell justifiably relied, for purposes of inducing Purnell to sign the contract, and that caused Purnell the damages the trial court awarded.

1.    **Standard of Review**

In an appeal from a bench trial, the trial court's findings of fact have the same force and effect as jury findings. *Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 147-48 (Tex. App.—Dallas 2012, no pet.) (citing *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *Walker v. Anderson*, 232 S.W.3d 899, 907 (Tex. App.—Dallas 2007, no pet.)). Unchallenged findings of fact are binding on the appellate court, unless the contrary is established as a matter

of law or there is no evidence to support the finding. *Id.* (citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *Bundren v. Holly Oaks Townhomes Ass'n, Inc.*, 347 S.W.3d 421, 429–30 (Tex. App.—Dallas 2011, pet. denied); Walker, 232 S.W.3d at 907). When, as here, the appellate record contains a reporter's record, findings of fact on disputed issues are not conclusive and may be challenged for sufficiency of the evidence. *Id.* (citing *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003); *Las Colinas Obstetrics–Gynecology–Infertility Ass'n, P.A. v. Villalba*, 324 S.W.3d 634, 638 (Tex. App.—Dallas 2010, no pet.)).

We review a trial court's findings of fact under the same standards used when determining if sufficient evidence exists to support an answer to a jury question. *Id.* (citing *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Darocy v. Abildtrup*, 345 S.W.3d 129, 136 (Tex. App.—Dallas 2011, no pet.)). When, as here, an appellant attacks the legal sufficiency of an adverse finding on an issue on which she did not have the burden of proof, she must demonstrate that no evidence supports the finding. *Id.* (citing *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983)). We review the evidence presented at trial in the light most favorable to the fact-finder's findings, crediting evidence to that party if a reasonable fact-finder could and disregarding evidence unless a reasonable fact-finder could not. *Id.* (citing *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). Anything more than a "scintilla of evidence" is legally sufficient to support the finding. *Id.* (citing *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996)). To constitute more than a scintilla, the evidence must rise "to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994)). When reviewing the legal sufficiency of the evidence, we are mindful that the trial court was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Id.* (citing *City of Keller*, 168 S.W.3d at 819; *Wright Grp. Architects–*

*Planners, P.L.L.C. v. Pierce*, 343 S.W.3d 196, 199 (Tex. App.—Dallas 2011, no pet.)). We review a trial court's conclusions of law de novo to determine if the trial court drew the correct legal conclusions from the facts. *Id.* (citing *Bundren*, 347 S.W.3d at 429–30; *Wright Grp. Architects–Planners, P.L.L.C.*, 343 S.W.3d at 199). We must uphold conclusions of law if "any legal theory supported by the evidence sustains the judgment." *Id.* (citing *Bundren*, 347 S.W.3d at 430). We will reverse the trial court's judgment only if the conclusions of law are erroneous as a matter of law. *Id.*

### 2. Elements of Fraud and Statutory Fraud

The elements of fraud are: (1) a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party did act upon it; and (6) the party thereby suffered injury. *Collective Asset Partners LLC v. Schaumburg*, 432 S.W.3d 435, 443 (Tex. App.—Dallas 2014, pet. denied).

The elements of statutory fraud are: (1) a transaction involving real estate or stock; (2) the defendant made a false representation of a past or existing material fact or made a promise to do an act with the intention of not fulfilling it; (3) the false representation or promise was made for the purpose of inducing the claimant to enter into a contract; and (4) the plaintiff relied on the false representation or promise in entering into the contract. *Id.* (citing *Anderton v. Cawley*, 378 S.W.3d 38, 56–57 (Tex. App.—Dallas 2012, no pet.); TEX. BUS. & COM. CODE. ANN. § 27.01(a)(1) (West 2009)).

### 3.    Analysis

Purnell cites three statements from Fraser to support his fraud claim. First is Fraser's statement: "[T]he earnest money and fully executed contract will be sent to Title today." Purnell argues that because the earnest money was never deposited and Fraser did not notify Purnell the earnest money was not deposited, Fraser committed fraud. Second, he asserts Fraser's statement that Wiley could close in February, or earlier if Purnell desired, was a misrepresentation intended to put Wiley's bid above others, and that the misrepresentation did so. Finally, he argues Fraser's representation that the purchase was a cash offer was not true.

Purnell was required to establish that at the time Fraser made the statements about which he complains, Fraser knew they were false or she made them recklessly without any knowledge of the truth of the statements. *See id.* However, there is no evidence in the record showing Fraser knew, at the time she made any of these statements, that Wiley would not deposit the earnest money, Wiley would not be able to close in February, or Wiley would need financing for the transaction. While the evidence shows Wiley did not deliver the earnest money to the title company, it does not show Fraser knew Wiley would not deliver the money when she sent the email. Rather, Fraser's testimony shows she sent the email based on Wiley's representation to her that he was going to deliver the earnest money to the title company, and there is no evidence that, at the time she wrote the email, she knew Wiley did not intend to deliver the money. Additionally, Wiley never told Fraser he did not deposit the money. Purnell also did not present evidence that Fraser knew Wiley could not close in February and knew Wiley could not pay cash for Purnell's house at the time she made the statements to Purnell. Based on this record, we conclude there is no evidence Fraser made any false representations to Purnell.

Because we conclude there is no evidence Fraser made a false representation to Purnell, we do not consider whether there is evidence satisfying the other elements of fraud and statutory fraud. *See* TEX. R. APP. P. 47.1.

### 4. Conclusion

Because there is no evidence Fraser made a false representation to Purnell, the evidence is insufficient to support the trial court's judgment for fraud and statutory fraud. We sustain Fraser's first issue, and reverse the trial court's judgment in favor of Purnell on his claims for fraud and statutory fraud against Fraser.

Because we sustain Fraser's first issue, we need not address her second and third issues in which she argues the evidence is insufficient to support the judgment for statutory fraud because there is no evidence that real property was transferred and, assuming the evidence supports the judgment, the trial court erred by refusing to apportion responsibility to designated third parties. *See id.*

### B. Negligent Misrepresentation

In his first cross-point, Purnell asserts the trial court erred by ordering he take nothing on his claim for negligent misrepresentation. To recover on a claim for negligent misrepresentation, a plaintiff must prove: (1) a representation was made by the defendant in the course of business or in a transaction in which it had a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Schaumburg*, 432 S.W.3d at 438. In his brief, Purnell relies on the same arguments discussed above to support his first cross-point. However, as previously addressed, there is no evidence that Fraser supplied any false information to Purnell. Fraser made statements that she believed to be true at the time

that she made them. Wiley, then, failed to follow through, but Wiley's failures do not convert Fraser's statements to falsities.

Further, "[a] cause of action for negligent misrepresentation . . . requires a misstatement of existing fact rather than a promise of future conduct." *Petras v. Criswell*, 248 S.W.3d 471, 476 (Tex. App.—Dallas 2008, no pet.). As noted above, the representations forming the basis of Purnell's negligent misrepresentation claim are nothing more than Fraser's statements about what she believes Wiley will do in the future. Because such promises are not misrepresentations of existing fact, they cannot support Purnell's negligent misrepresentation claim.

We overrule Purnell's first cross-issue.

**C.      Fifth Amended Petition**

In his second cross-point, Purnell argues the trial court erred by striking his fifth amended petition. In his brief, Purnell states: "This point is offered conditionally, in the event that for any reason the measure of damages based on the shortfall between the net proceeds of the ultimate sale as compared to the Tower/Wiley contract should be found to be reversible on appeal, and only in that event." He explains that in his fifth amended petition, he re-pleaded to reduce his alleged damages, but the trial court improperly struck the pleading.

Purnell's argument relates to the amount of damages he believes he suffered. However, for Purnell to recover damages, he would have had to prevail on his fraud and negligent misrepresentation causes of action. Because we concluded Purnell's claims for fraud and negligent misrepresentation fail, we do not address the merits of his second cross-point. *See* TEX. R. APP. P. 47.1.

CONCLUSION

We reverse the trial court's judgment on Purnell's claims for fraud and statutory fraud in a real estate transaction.  We render judgment in Fraser's favor on these claims and order Purnell take nothing.  We affirm the trial court's judgment on Purnell's claims for breach of contract and negligent misrepresentation.


/Craig Stoddart/
CRAIG STODDART
JUSTICE

131269F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TIFFANY LYNN FRASER, Appellant

No. 05-13-01269-CV     V.

TIMOTHY PURNELL, AS
INDEPENDENT EXECUTOR, ESTATE
OF TOMMY ARTHUR PURNELL,
DECEASED, Appellee

On Appeal from the Probate Court No. 1,
Dallas County, Texas
Trial Court Cause No. PR-11-927-1.
Opinion delivered by Justice Stoddart.
Justices Lang and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** in part and judgment is **RENDERED** that appellee Timothy Purnell, as Independent Executor of the Estate of Tommy Arthur Purnell, Deceased, take nothing against appellant Tiffany Lynn Fraser on the claims of common law fraud and statutory fraud in a real estate transaction. Appellee Timothy Purnell, as Independent Executor of the Estate of Tommy Arthur Purnell, Deceased shall not recover judgment from appellant Tiffany Lynn Fraser.

The judgment of the trial court is **AFFIRMED** in part that appellee Timothy Purnell, as Independent Executor of the Estate of Tommy Arthur Purnell, Deceased, take nothing against appellant Tiffany Lynn Fraser on the claims of breach of contract and negligent misrepresentation.

It is **ORDERED** that appellant Tiffany Lynn Fraser recover her costs of this appeal from appellee Timothy Purnell, as Independent Executor of the Estate of Tommy Arthur Purnell, Deceased.

Judgment entered this 23rd day of July, 2015.