

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00375-CV

BONNIE ESTES, APPELLANT

V.

CONNIE JEAN SPEARS, APPELLEE

On Appeal from the 21st District Court
Lee County, Texas[1]
Trial Court No. 16,904, Honorable Reva Towslee Corbett, Presiding

September 16, 2020

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Bonnie Estes, appeals the trial court's summary judgment granted in favor of appellee, Connie Jean Spears.[2] We affirm the judgment of the trial court.

---

[1] Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. See TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the Third Court of Appeals. TEX. R. APP. P. 41.3.

[2] Although Estes was represented by counsel in the underlying proceeding, she is representing herself on appeal.

## Background

This case involves the alleged transfer of real property without a written agreement. Estes, a licensed real estate agent, assisted Spears in the purchase of eleven acres of property.[3] The following year, Estes built a house on the property and resided there. Subsequently, Spears notified Estes that she needed to vacate and remove the structure from the property.[4] In response, Estes filed the instant suit for breach of oral contract, equitable estoppel, fraud, quantum meruit, and quiet title. In her lawsuit, Estes alleges that, after Spears purchased the property, she asked Estes to move onto the property to help her care for and maintain the large tract of land. In return for Estes's assistance with the property and providing care and companionship for Spears, Spears promised to transfer legal title to approximately half of the eleven acres. Estes further alleges that Spears allowed her to build a "single-family residence" on the property, which she has used as her primary residence for nine years.

After both parties answered discovery requests, Spears filed a combined traditional and no-evidence motion for summary judgment as to all of Estes's causes of action. Estes filed a response to the motion for summary judgment, but this response did not include evidence in support of her claim.

The trial court entered an order granting summary judgment in favor of Spears without specifying the grounds. Estes timely filed this appeal.

---

[3] These facts are taken from Estes's first amended original petition.

[4] In the notice to vacate, Spears acknowledges that Estes owns the structure. Spears refers to the structure as a "480 square foot cabin."

## Standard of Review

An appellate court reviews a trial court's decision to grant a traditional summary judgment de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). The party moving for a traditional summary judgment has the burden to establish there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In reviewing a trial court's ruling on summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve all doubts in the nonmovant's favor. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

A no-evidence motion for summary judgment is a motion asserting that there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). In reviewing a no-evidence summary judgment, we must consider all the evidence "in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not." *Gonzalez v. Ramirez*, 463 S.W.3d 499, 504 (Tex. 2015) (per curiam) (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). A no-evidence summary judgment is properly granted when "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "Thus, a no-evidence summary judgment is improperly granted if the

nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *Id.* A court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. TEX. R. CIV. P. 166a(i).

When a party seeks summary judgment on both no-evidence and traditional grounds, we address the no-evidence grounds first. *Merriman v. XTO Energy, Inc.,* 407 S.W.3d 244, 248 (Tex. 2013). This is so because, if the non-movant fails to produce legally sufficient evidence to meet her burden as to the no-evidence motion, then there is no need to analyze whether the movant satisfied its burden under the traditional motion because no greater relief could be granted. *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 600 (Tex. 2004).

When, as here, a summary judgment does not state or specify the grounds upon which it relies, we affirm the judgment if any of the grounds presented in the summary judgment motion are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

Analysis

As an initial matter, we note that a self-represented litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Gonzalez v. Magana*, No. 03-14-00387-CV, 2015 Tex. App. LEXIS 8593, at *3-4 (Tex. App.—Austin Aug. 18, 2015, pet. denied) (mem. op.). A relaxation of the rules in favor of self-represented litigants would provide such parties with an unfair advantage over parties who are represented by counsel. *Viasana v. Ward Cty.*, 296 S.W.3d 652, 654 (Tex. App.—El Paso 2009, no pet.).

4

<u>Appellate Record</u>

In our review of a summary judgment, an appellate court cannot consider summary judgment evidence not presented to the trial court. *Crutcher v. Dallas Indep. Sch. Dist.*, 410 S.W.3d 487, 492 (Tex. App.—Dallas 2013, no pet.); *Hendee v. Dewhurst,* 228 S.W.3d 354, 376 (Tex. App.—Austin 2007, pet. denied) (op. on reh'g).

During the pendency of this appeal, Estes attached an appendix to her brief and submitted several letters and notarized witness statements and asked us to consider facts and evidence that do not appear in the trial court record.[5] Because these documents were not before the trial court when it decided the motion for summary judgment, we are prohibited from considering such evidence. *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (per curiam) (courts of appeals may not consider affidavits outside the record); *Gonzalez v. Villarreal*, 251 S.W.3d 763, 777 n.17 (Tex. App.—Corpus Christi 2008, pet. dism'd w.o.j.) (attachment of documents as exhibits or appendices to appellate briefs is not formal inclusion in appellate record); *Adams v. Reynold Tile & Flooring, Inc.,* 120 S.W.3d 417, 423 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (attachment of documents as appendices to briefs does not constitute formal inclusion in the record on appeal).

<u>Briefing</u>

The rules of appellate procedure govern the required contents and organization of an appellant's brief. TEX. R. APP. P. 38.1. One of those requirements is that an

---

[5] Specifically, we cannot consider the following documents attached in an appendix to Estes's brief: "evidence package email and proof of opposing Council [sic] neglect of retrieving same;" letter dated November 1, 2019; letter dated November 25, 2019, enclosing notarized witness statements; and a letter dated January 15, 2020.

5

appellant's brief must contain a clear and concise argument including appropriate citations to the record. TEX. R. APP. P. 38.1(i). Failure to cite legal authority or provide substantive analysis of the legal issue presented effects a waiver of that issue on appeal. *Martinez v. El Paso Cnty.,* 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck). An appellate court has no duty to perform an independent review of the record and applicable law to determine whether there was error in the lower court. *Id.*

On page six of Estes's appellate brief, under the heading of "Statement Regarding Oral Arguments," Estes states, "Discovery has not been completed, depositions have not been taken, evidence and witness statements have not been presented to the Court. 'No Evidence Summary Judgment' was pre mature [sic] in nature as the case has not been presented in court." A party who contends that there has not been adequate time for discovery before a summary judgment hearing must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco Inc. v. Enter. Prods. Co.,* 925 S.W.2d 640, 647 (Tex. 1996). The affidavit or motion must describe the evidence sought, state with particularity the diligence used to obtain the evidence and explain why the continuance is necessary. *Rocha v. Faltys*, 69 S.W.3d 315, 319 (Tex. App.—Austin 2002, no pet.). The appellate record does not contain such an affidavit or motion. By failing to timely file a motion for continuance or affidavit, Estes has failed to preserve a complaint of trial court error on this issue.

Although it is appellant's burden to properly raise and discuss the issues presented for review, we are instructed to reach the merits on appeal whenever reasonably possible. *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam). As discussed below, we conclude Estes's first issue was waived due to inadequate briefing. With respect to

Estes's second issue, although she has provided minimal argument and has failed to cite the record, we will address the argument she raises.

Issue One

In her first issue, Estes contends that the trial court erred "in not allowing critical evidence to be presented." However, other than the conclusory allegation of trial court error, Estes fails to cite any authority for her contention and she fails to elaborate on her conclusion. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (requirement of TEX. R. APP. P. 38.1 is not satisfied by brief conclusory statements unsupported by legal citations). "Bare assertions of error, without argument or authority, waive error." *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.); *see Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) (discussing "long-standing rule" that point may be waived due to inadequate briefing). As such, we conclude that Estes's first issue is inadequately briefed and presents nothing for review. We overrule issue one.

Issue Two

In her second issue, Estes argues that there is sufficient evidence to support a trial by jury. We liberally construe this issue as asserting error in the trial court's granting of the motion for summary judgment. *Perry*, 272 S.W.3d at 587. We will limit our analysis to the contract and common law fraud claims as these are the only claims addressed in Estes's brief. *Jacobs v. Satterwhite*, 65 S.W.3d 653, 655-56 (Tex. 2001) (per curiam) (failure to challenge all claims results in waiver of unchallenged claims).

After adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). The movant must state the elements as to which there is no evidence. TEX. R. CIV. P. 166a(i). Unless the respondent produces summary judgment evidence raising a genuine issue of material fact, the trial court must grant the motion. *Id.*; *Urena* 162 S.W.3d at 550.

To prevail at trial on a breach-of-contract claim, Estes must establish that: (1) a valid contract existed between the parties; (2) Estes had performed; (3) Spears breached the contract; and (4) Estes was damaged as the result of a breach by Spears. *Petras v. Criswell,* 248 S.W.3d 471, 477 (Tex. App.—Dallas 2008, no pet.). In her motion for summary judgment, Spears contends that Estes has no evidence of: (1) a valid and enforceable contract, (2) any consideration paid by Estes, (3) any exception to the statute of frauds, (4) a sufficient description of the real property conveyed, (5) a meeting of the minds, or (6) definite terms of any alleged contract.

To prevail at trial on a common law fraud claim, Estes must establish that: (1) Spears made a material false representation, (2) that Spears knew to be false or made it as a positive assertion without any knowledge of its truth, (3) Spears intended Estes to act on the statement, (4) Estes acted in reliance on the statement, and (5) Estes was injured as a result. *Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex. 1983). Spears's motion alleged that Estes has no evidence establishing: (1) Spears made a material representation that was false; (2) Spears knew the representation was false or made it recklessly as a positive assertion without knowledge of its truth; (3) Spears intended to

8

induce Estes to act upon the representation; and (4) Estes actually and justifiably relied on the representation, which caused injury.

The record thus reflects that, in moving for no-evidence summary judgment, Spears specified one or more of the essential elements of each of the claims that Estes alleged in her petition and on which she would have the burden of proof at trial. Accordingly, the motion complied with Rule 166a(i) and was sufficient to warrant a no-evidence summary judgment on each of those claims. *Kang v. Derrick,* Nos. 14-13-00086-CV, 14-13-00088-CV, 2014 Tex. App. LEXIS 5264, at *14 (Tex. App.—Houston [14th Dist.] May 15, 2014, pet. denied) (mem. op.). Because the motion was sufficient to warrant a no-evidence summary judgment, the burden shifted to Estes to file a response sufficient to raise a fact issue on the challenged elements. *See* TEX. R. CIV. P. 166a(i) cmt.; *Ridgway,* 135 S.W.3d at 600.

In her response to the motion for summary judgment, Estes asserted a genuine issue of material fact exists as to her breach of contract and common law fraud claims and "submits exhibits, as summary judgment evidence, referenced in an appendix attached hereto, filed with this response and incorporated by such reference for all purposes as if recited verbatim herein." The appendix contained four exhibits: Estes's original petition,[6] Spears's responses to a request for production of documents (without the documents), Spears's answers to interrogatories, and Spears's notice to vacate. The response contained no citation to specific evidence or identified what fact issues existed

---

[6] The purpose of attaching the original petition is unclear, as Estes's first amended petition was the live pleading at the time of the summary judgment hearing. Nevertheless, pleadings do not constitute summary judgment proof and pleadings are not to be considered in determining whether fact issues are expressly presented in summary judgment motions. *Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979).

with respect to the challenged elements. Further, the response did not reference any interrogatory answer or any document that provided supporting evidence. *See Arredondo v. Rodriguez*, 198 S.W.3d 236, 238-39 (Tex. App.—San Antonio 2006, no pet.) (when presenting summary-judgment proof, a party must specifically identify the supporting proof on file that it seeks to have considered by the trial court). Attaching entire documents to a response and referencing them only generally does not relieve the party of pointing out to the trial court where in the documents the issues set forth in the response are raised. *Id.* The response must specifically identify the portions of the evidence that the party wants the court to consider. *Gonzales v. Shing Wai Brass & Metal Wares Factory, Ltd.,* 190 S.W.3d 742, 746 (Tex. App.—San Antonio 2005, no pet.); *Barraza v. Eureka Co.,* 25 S.W.3d 225, 228-29 (Tex. App.—El Paso 2000 pet. denied) (when attaching copies of or appendices containing unfiled discovery, a party should also include in the motion or response specific references to the portions of the unfiled discovery relied upon). Absent a response identifying evidence purportedly defeating the no-evidence grounds, the trial court was not required to search the record to find any such evidence. *Lee v. Palacios*, No. 14-06-00428-CV, 2007 Tex. App. LEXIS 8193, at *5 (Tex. App.—Houston [14th Dist.] Oct. 11, 2007, pet. denied) (mem. op.); *Burns v. Canales,* No. 14-04-00786-CV, 2006 Tex. App. LEXIS 1551, at *11 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet. denied) (mem. op.) ("the trial court is not required, sua sponte, to assume the role of [non-movant's] advocate and supply his arguments for him.").

While Estes vigorously emphasizes her version of the facts in her response, she failed to file an affidavit or present any summary judgment evidence raising a fact issue on the terms of the alleged oral contract, such as the consideration given, a description of the property to be conveyed, or a time for performance. Further, Estes has not

10

presented any summary judgment evidence of any essential element of her fraud claim, including evidence that Spears made a material representation that was false. Assertions and arguments by counsel in pleadings are not competent summary judgment evidence. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Judah v. EMC Mortg. Corp.*, No. 03-14-00304-CV, 2015 Tex. App. LEXIS 8846, at *10 (Tex. App.—Austin Aug. 25, 2015 pet. denied) (mem. op.).

In light of the record before us, Estes has failed to meet her burden to defeat Spears's no-evidence motion for summary judgment. We conclude the trial court did not err by granting Spears's motion for summary judgment on Estes's causes of action for breach of contract and common law fraud.[7] We overrule Estes's second issue.

Conclusion

Having overruled both of Estes's issues, we affirm the summary judgment.


Judy C. Parker
Justice

---

[7] Spears also moved for summary judgment on the affirmative defense of the statute of frauds. The statute of frauds requires a contract for the conveyance of real property to be in writing and be signed by the person to be charged. TEX. BUS. & COM. CODE ANN. § 26.01(b)(4) (West 2015); *Fears v. Tex. Bank,* 247 S.W.3d 729, 735 (Tex. App.—Texarkana 2008, pet. denied). A well-recognized exception to the statute of frauds is the doctrine of partial performance. *Carmack v. Beltway Dev. Co.,* 701 S.W.2d 37, 40 (Tex. App.—Dallas 1985, no pet.). In her summary judgment response and in her appellate brief, Estes contends that she partially performed by "showing payment of consideration, possession of the property, and valuable improvements or other facts that would make the transaction [a] fraud on the purchaser if the contract remains unenforced." However, this argument also fails because Estes did not produce any summary judgment evidence raising a fact issue on the elements of partial performance.

11